## LYDIA ANN SMITH v. LYMAN H. AUSTIN.

*Malicious prosecution—Probable cause.*

An action for malicious prosecution cannot be maintained against the complainant in a criminal proceeding for which there was probable cause, no matter how evil or malicious his motives may have been in making complaint. Nor can it be maintained if complainant, after fully and fairly disclosing to the prosecuting officer everything within his knowledge which would tend to cause or to exclude belief in plaintiff's criminality, left him to determine on his sole responsibility whether the proceeding should be instituted, even though the case were not a proper one for prosecution.

Error to Kent.    Submitted Oct. 6.    Decided Oct. 18.

CASE for malicious prosecution.    Defendant brings error.
Reversed.

*Taggart & Wolcott* for appellant.    It is a question of
law for the court as to what constitutes probable cause:
*Kidder v. Parkhurst* 3 Allen 393; *Good v. French* 115
Mass. 203; *Bacon v. Towne* 4 Cush. 217; *James v. Phelps*
11 Ad. & El. 483; *Heyne v. Blair* 62 N. Y. 22; *Besson v.
Southard* 10 N. Y. 236; *Masten v. Deyo* 2 Wend. 424; 2
Greenl. Ev. § 445; *Stone v. Crocker* 24 Pick. 81; *Cloon v.
Gerry* 13 Gray 202; *Burlingame v. Burlingame* 8 Cow.
141; *Hall v. Suydam* 6 Barb. 88; *Potter v. Seale* 8 Cal.
220; advice of counsel when obtained upon a statement
and showing undisputed and unqualified by any evidence
in the cause, is a defence: Cooley on Torts 183: *Hamilton
v. Smith* 39 Mich. 223; *Seiber v. Price* 26 Mich. 522;
*Murphy v. Walters* 34 Mich. 180; *Josselyn v. McAllister*
22 Mich. 300; *Stanton v. Hart* 27 Mich. 541; *Bartlett v.
Brown* 6 R. I. 37; *Blunt v. Little* 3 Mason 102; 2 Greenl.
Ev. § 459; *Stone v. Swift* 4 Pick. 393; *Ross v. Innis* 26
Ill. 279; *Ravenga v. Mackintosh* 2 B. & C. 693; *Walter v.
Sample* 25 Penn. St. 275; *Levy v. Brannan* 39 Cal. 488;
*Hewlett v. Cruchley* 5 Taunt. 277; *Wicker v. Hotchkiss* 62
Ill. 107; *Ash v. Marlow* 20 Ohio 120; *Davie v. Wisher* 72
Ill. 266; *Kimmel v. Henry* 64 Ill. 505; *Ames v. Snider* 69
Ill. 377; *Soule v. Winslow* 66 Me. 447; *Sharpe v. John-
stone* —— Mo. ——: 21 Am. L. Reg. (N. S.) 576; *Williams
v. Vanmeter* 8 Mo. 339.

*F. F. Kutts* and *E. A. Maher* for appellee.    Belief in
guilt will not alone justify a criminal prosecution, however
sincere: 4 Wait's Actions 343, 353; nor will advice of
counsel unless sought in good faith and without malice:
*Davenport v. Lynch* 6 Jones N. C. L. 545; as where the
prosecution is instituted upon a previous fixed determina-
tion, and not in consequence of such advice: Moak's
Underhill on Torts 169, 170; or from motives of private

interest and without probable cause·: *Glascock v. Bridges* 15·
La. Ann. 672; *Gallaway v. Burr* 32 Mich. 332; the
institution of a criminal prosecution, with a view of·
benefiting a party in a civil suit, is *conclusive* evidence of
malice: *Gallaway v. Burr* 32 Mich. 332; the criminal
law was not designed to aid a party in civil matters:·
*Kelley v. Sage* 12 Kan. 109, 112.

GRAVES, C. J. The plaintiff made oath on a trial·
before a referee and also on a motion for a new trial in·
the same case, and the question occurred whether she had
not therein committed perjury. The defendant having some·
connection with the subject of the litigation and also cogni-
zance of facts bearing on the question proceeded to consult·
the assistant prosecuting attorney in relation thereto and in
contemplation of the institution of criminal proceedings in·
case that an occasion therefor was considered as existing.·
That officer received the information given by the defendant
and made likewise such further investigation as he thought
needful, and he finally concluded that a proper case·
existed for a prosecution. Acting on this opinion he·
directed a complaint in defendant's name to be prepared
and exhibited to a magistrate, and that officer at once issued·
a warrant upon which the plaintiff was apprehended and
after examination was held for trial. But after the lapse·
of several months the trial court allowed the prosecuting
officer to discontinue and thereupon the plaintiff brought
this suit alleging that the criminal proceeding was a mali-·
cious prosecution by the defendant. The plaintiff recov-
ered a judgment of $500 and the defendant brought
error.

The record contains many objections but they are chiefly·
devoid of influence. The leading point arises on the direc-·
tions in regard to probable cause. The opening part of the·
charge was clear and accurate on the subject and it well
discriminated the element of probable cause from that of·
malice and distinctly indicated how there might be prob-
able cause which would be fatal to a right of action·

even though the defendant might be actuated by bad motives. Further on however this important principle was lost sight of and good motives were made a necessary ingredient of probable cause. This confusion is most conspicuous in that part of the charge where the judge in giving the defendant's fifth request so in substance changed it as to require the presence of good motives in order to constitute probable cause, and thus blended the element of malice with it and involved the defendant in liability in case his motives were not found to be good, no matter how perfect were the reasons for a prosecution. Some other parts of the charge tend in the same direction.

It is scarcely necessary to say that the law is not so. The rule is that the question of probable cause does not depend on the worthiness of motive. It may exist, however evil the purpose, and if it does, no action for malicious prosecution can be maintained. *Hamilton v. Smith* 39 Mich. 222.

There is another feature of the case which it may be well to notice. It was a serious question at the trial whether the assistant prosecuting attorney was not exclusively responsible for the prosecution. If such was the case then of course no ground of action existed. But how this was depended on these considerations: Did the defendant fully and fairly disclose to the prosecuting officer all matters within his knowledge which he was bound as a man of ordinary intelligence to suppose would tend to cause or tend to exclude a belief of the plaintiff's criminality; and did he leave the officer to act entirely on his own judgment and responsibility as to whether there should or should not be a prosecution? If he thus conducted he was not liable in this action, even though it should be admitted that the case was not a proper one for prosecution. The case calls for nothing further at this time.

The judgment is reversed with costs and a new trial ordered.

The other Justices concurred.