Mesher v. Iddings.

second paragraph of the foregoing opinion is grounded. A literal copy of the lien index is as follows:

| Against. | In Favor of. | Atty. of Record. | Character of Lien. | Date of Lien. | Amt. Lien. |
|---|---|---|---|---|---|
| Lord, B. W. | Taylor Bros. | John Jenswold, Jr. | Trans. from Moncrief, J. P. | May 31, 1883. | $31.15 |

| Amt. Costs. | Total Amount Lien. | Judg't Docket. | Remarks. | Date of Satisfaction. |
|---|---|---|---|---|
| $3.50 | $34.65. | 2 P. 188. | | August 24, 1883. Taylor Bros., by J. Jenswold. |

---

MESHER v. IDDINGS.

1. **Malicious Prosecution: DEFENSE: ADVICE OF COUNSEL.** The advice of counsel does not necessarily shield a person against a charge of malicious prosecution; but it will have that effect if the facts acted upon are fully and correctly stated to counsel, and if there is nothing in the case to evince a want of good faith.

*Appeal from Page Circuit Court.*

WEDNESDAY, OCTOBER 12.

ACTION for malicious prosecution.

*W. P. Ferguson*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—Several errors are assigned, but it will be sufficient to consider one of them. The defendant moved for a new trial, on the ground, among others, that the verdict is not sustained by the evidence, and assigned as error the overruling of the motion upon such ground. The undisputed evidence shows that the defendant was the owner of a crib of corn, and that not less than seventy-five bushels of the corn disappeared under circumstances which leave little doubt that it was stolen. The plaintiff in this case was arrested on an information filed by the defendant charging him with having stolen the corn. Afterwards the action was dismissed. The malicious prosecution complained of consisted in filing the information in the criminal action, and causing the defendant's arrest. The crib of corn in question was on a farm belonging to the defendant, and in the possession of a tenant, one McGogy. The information upon which the defendant acted was derived from McGogy. It is not, we think, necessary to set out in detail what that information was. It is sufficient to say that it tended to cast suspicion upon the plaintiff without necessarily showing that he stole the corn. After the information was given by McGogy to the defendant, both went to the defendant's attorney, Mr. W. P. Ferguson. We will state what transpired in the language of the defendant, as the same was used by him when a witness upon the stand. He said: "We went to Mr. Ferguson's office, and stated the case to him as it had been stated by McGogy. Mr. Ferguson said it was a good cause for filing an information, and taking out a warrant for his arrest." The defendant in his answer had pleaded the fact that he acted under the advice of counsel, and the court instructed upon the issue and the evidence introduced thereon. It appears to us that under the undisputed facts the jury should have found for the defendant. It is true that the advice of counsel does not necessarily shield a person against a charge of malicious prosecution. But it will have that effect if the facts acted upon are fully and correctly stated, and if there

is nothing in the case, taken as a whole, to evince a want of good faith. Such, it appears to us, is this case, according to the undisputed evidence, and we think that the verdict should have been for the defendant.

REVERSED.