## T. B. JACKSON v. CORNELIUS G. LINNINGTON.

1. REVIEW — *General Objection.* A party who complains of the rulings of the court in charging the jury, and who seeks to have them reviewed, should specify in his brief and argument wherein the rulings are erroneous. A mere general objection is insufficient.

2. MALICIOUS PROSECUTION — *Probable Cause—Liability.* In an action for malicious prosecution upon a charge of malicious trespass, where there was probable cause for commencing the prosecution, and where the defendant, acting upon the advice of attorneys, and believing there was probable cause, in good faith and without malice caused the arrest of the plaintiff, the defendant is not liable to the plaintiff, although one of his purposes was to prevent the construction of a building upon his land.

3. FINDINGS—*Verdict*—*Harmony.* If the findings of the jury will fairly admit of an interpretation which will make them harmonious with each other and with the general verdict, that interpretation should be given, rather than one which will overturn and destroy the findings and verdict. (Following *Railroad Co. v. Ritz,* 33 Kas. 404.)

### *Error from Brown District Court.*

ACTION for malicious prosecution, by *T. B. Jackson* against *Cornelius G. Linnington,* wherein he complained that he was arrested upon the complaint of Linnington, charged with the offense of malicious trespass, without reasonable or probable cause.    He alleged that upon a trial he was acquitted of the crime, and claimed damages in the sum of $1,000.    The answer of the defendant was a general denial.    At the trial the plaintiff offered testimony showing his arrest and acquittal, and tending to show that the defendant had made a conditional sale of a lot to a certain purchaser, and that he informed the plaintiff that he might obtain the job of building a house on the lot if he should see the purchaser, and that plaintiff saw the purchaser and took the contract to build the house. Evidence was also given tending to show that before the sale of the lot was completed the plaintiff took possession of the same and dug up and removed clay, dirt, and mould, and commenced the building of a house on the lot, without the consent of the defendant, and that the defendant notified the plaintiff that the property belonged to him, and to quit digging up and removing clay and dirt, and to quit building or otherwise trespassing on the lot, before beginning the prosecution, which the plaintiff refused to do.    Evidence was also given tending to show that the defendant caused the plaintiff to be arrested in order to prevent the building of the house, but that before said prosecution was begun he consulted reputable attorneys of experience in the practice of the law, and that after a full statement of all the material facts had been submitted to the attorneys, they advised him that the plaintiff had committed a crime and to bring a prosecution for the same.    Evidence was further given tending to show that the defendant commenced the prosecution in good faith, on the advice of his at-

torneys, without malice, and believing that there was probable cause for bringing the same, and that the action could be maintained. There was also testimony tending to show that the plaintiff was guilty as charged, and that there was probable cause for commencing the prosecution.

The plaintiff asked the court to charge the jury that if they found that the object of the defendant in causing the arrest of the plaintiff was to prevent him from constructing a building on the lot, then such arrest and prosecution was without probable cause; and that if they found that the defendant caused the arrest for the purpose of enforcing a civil right, they should find that the arrest was malicious and without probable cause. The court refused these requests, and charged the jury, among other things, that if the prosecution was instituted merely to prevent the plaintiff herein from erecting a building on the lot in controversy, such fact would not constitute a probable cause for commencing the prosecution. The jury returned a general verdict in favor of the defendant, and also returned the following findings of fact:

"Ques. Was the object of the defendant in prosecuting the plaintiff to prevent the plaintiff from building a building on said lot 13? Ans. Yes; and to prevent any one getting possession before a pending contract was consummated.

"Q. At the time of said prosecution, on December 13, 1887, did the defendant have reasonable grounds to believe that the plaintiff had committed the offense charged? A. Yes.

"Q. Did the defendant act upon the advice of his attorneys, after a full consultation and statement of the facts, in commencing said prosecution? A. Yes.

"Q. Was there probable cause for commencing said prosecution? A. Yes.

"Q. Was said prosecution malicious on part of defendant, or did he act with malice toward plaintiff, bringing said action? A. No.

"Q. Did plaintiff suffer any damage from imprisonment? A. No.

"Q. If the last question is answered in the affirmative, state how much. A. Not any.

"Q. How much time did the plaintiff lose from his business by reason of his arrest, if any? A. One day.

"Q. How much, if anything, did plaintiff pay out in attorney's fees for his separate defense in said action? A. Twenty dollars.

"Q. If question No. — is answered in the affirmative, how much do you allow for time, if anything? A. Not anything."

A motion for a new trial was made and overruled, and judgment was given for the defendant in accordance with the general verdict. The plaintiff complains, and comes here.

*W. D. Webb,* and *Grant Harrington,* for plaintiff in error.

*W. I. Stuart,* and *S. L. Ryan,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The evidence in the case is not preserved, but the record contains a short statement of what the evidence offered by the parties tended to show, and that is sufficient to raise the questions which the plaintiff desires to present upon the testimony and findings. Complaint is first made of the refusal of instructions requested, as well as the giving of instructions which were objected to. While a general complaint is made, the plaintiff fails to indicate what the specific objections are, or to point out wherein the rulings are deemed by him to be erroneous.

The charge given appears to embody all material and correct instructions that were requested, and to fairly present the case to the jury. One request which raises the same question as is raised upon the findings was, that if the jury found that the purpose of the defendant in bringing the prosecution was to prevent the plaintiff from building a house, then such a prosecution was without probable cause. This instruction was modified by the court. After defining the offense of malicious trespass, and what facts would be sufficient to constitute probable cause for the institution of a prosecution therefor, the court charged that, "if said prosecution was instituted *merely* to prevent the plaintiff herein from erecting a building on the lot in controversy, such fact would not constitute probable cause for commencing the prosecution." This was a

proper modification. If the sole purpose of the prosecution was to prevent the erection of a building, it would not have been justified. The construction of the house, however, appears to have involved the digging and preparation of a foundation, and hence the defendant may have desired not only to prevent the erection of a building, but also intended to prosecute and prevent the offense which had been committed, and the further commission of the same. Evidence was given tending to show that the defendant notified the plaintiff that the lot upon which he was digging and from which he was removing clay and dirt belonged to him, and warned him against further trespassing there; but, notwithstanding this warning, he refused to quit work, and further continued to trespass upon the defendant's property. There was also testimony that the defendant before he commenced the prosecution counseled with attorneys, and after presenting them with a full statement of all the facts, they advised him that the plaintiff was guilty of the offense and that the prosecution could be maintained. Acting on their advice, he, in good faith and without malice, believing the action could be maintained, and that there was probable cause for making the charge, began the prosecution. And if there was probable cause for commencing the prosecution, and he, acting upon the advice of attorneys, in good faith believed there was probable cause, and if in good faith and without malice he caused the arrest and prosecution of the defendant, the fact that he may also have desired to prevent the construction of the building upon the lot would not entitle the plaintiff to recover. On the other hand, if his sole purpose was to prevent the erection of a building, or the mere enforcement of a civil right, then the arrest and prosecution would be without probable cause, for which the defendant would be liable.

In one of the findings returned by the jury, it is stated that the object of the defendant was to prevent the plaintiff from erecting a building on his land; and the plaintiff contends that this finding entitled the plaintiff to a recovery. The finding, however, when construed in connection with the others

returned by the jury, shows that this was not the only object of the defendant in beginning the prosecution, but that he acted in good faith and without malice in the institution of the prosecution. It is found that he had reasonable grounds to believe that the plaintiff had committed the offense charged; that he acted upon the advice of his attorneys, after a full consultation and a statement of all the material facts, and that he relied upon the advice of the attorneys in bringing the action; and also that there was probable cause for the commencement of the prosecution. If the findings will fairly admit of an interpretation which will make them harmonious with each other and with the general verdict, that interpretation should be given, rather than one which will overturn and destroy the findings and verdict. (*Railroad Co. v. Ritz*, 33 Kas. 404; *U. P. Rly. Co. v. Fray*, 43 id. 750.) The findings may fairly be construed to show that the defendant instituted the prosecution in good faith, to punish the plaintiff for the offense charged against him. Although he desired to prevent the building of a house, he also desired and intended to procure the punishment of a public offense, and to prevent the further commission of the same. The digging up of the clay and dirt, and the removal of the same from the defendant's land without consent or right, constituted probable cause, and it also constituted a part of the construction of the house. We think the findings may be fairly harmonized with each other and with the general verdict.

The judgment of the district court will be affirmed.

All the Justices concurring.