## W. T. Lenoir v. Sam Marlin.

### No. 1246.

**Advice of County Attorney—Malicious Prosecution.**—When a person in good faith makes to the prosecuting officer a fair statement of the facts as known to him concerning the charge of which he makes complaint, and the prosecuting officer advises the prosecution, such action of the prosecuting officer is proof of probable cause, and a defense to an action for malicious prosecution. Sebastian v. Cheney, 86 Texas, 497, followed.

Appeal from Falls. Tried below before Hon. John N. Henderson (exchanging with Hon. S. R. Scott).

This is an appeal from a judgment for $500 recovered by Marlin, the appellee, against appellant, Lenoir, damages for malicious prosecution.

It is assigned as error, the "finding as a matter of law that the advice of the county attorney given in this case was not a bar to the recovery in this suit, but was to be taken by the court, with other facts, to aid in determining the question of probable cause, or the want thereof, and the question of malice vel non; because the uncontradicted evidence shows that the defendant, Lenoir, made the complaint against Marlin upon the advice of the county attorney of Falls County, after he, Lenoir, had fairly and honestly communicated to said county attorney all the facts known to him concerning the charges of which he made complaint, and after the said county attorney, at Lenoir's request, had sworn and examined on oath all the witnesses touching their knowledge of said charges; and such advice, under such circumstances, was and is a defense and bar against this action." Other facts sufficiently appear in the opinion.

*Martin & Eddins* and *Z. I. Harlin,* for appellant.—The advice of the county attorney, when given upon a fair statement of all the facts within the knowledge of the prosecutor concerning the charges of which he makes complaint, is a defense and bar against an action for malicious ;prosecution. Sebastian v. Cheney, 86 Texas, 497, and authorities cited; 14 Am. and Eng. Encyc. of Law, 55; Perry v. Sulier, 92 Mich., 72; Genevey v. Edwards.(Minn.), 56 N. W. Rep., 578; Yocum v. Polly, 36 Am. Dec., 583; Thompson v. Luenley, 50 How. Pr., 105; Law. Ed. U. S. Sup. Ct., Book 25, p. 117, note.

*George C. Cabell* and *Rice & Bartlett,* for appellee.—1. Advice of a prosecuting attorney will not operate to bar a recovery in an action against defendant for malicious prosecution, unless it appears that the defendant made a full, fair, and complete statement of all the facts known to him relevant to the prosecution, and was thereafter advised to institute such prosecution by said prosecuting attorney, and that he acted upon such advice in good faith, believing the plaintiff to be guilty of the crime with which he was charged. Glasgow v. Owens, 69 Texas, 167; Railway .v. James, 73 Texas, 12; Jacobs, Bernheim & Co. v. Trum, 62 Texas, 411; Shannon v. Jones, 76 Texas, 141; Sebastian v. Cheney, 25 S. W. Rep., 691; Jackson v. Bell, 58 N. W. Rep., 671; Johnson v. Miller, 47 N. W. Rep., 903; Newfield v. Rodemski, 36 N. E. Rep., 913; Roy v. Goings, 36 Am. Rep. (Ill.), 151; Cole v. Curtis, 16 Minn., 182; Sharpe v. Johnson, 76 Mo., 660; 14 Am. and Eng. Encyc. of Law, 56, note 2, and authorities cited; Webb's Pollock on Torts, Am. ed. 1894, pp. 392, 393, 395, and notes thereunder.

2. The court did not err in finding as a matter of fact that appellant, Lenoir, was actuated by malice in making said complaint against appellee, because malice may be inferred from the want of probable

cause, and because further, the facts on the trial show malice.   Chubb v. Griffith, 7 Texas, 610; Culbertson v. Cabeen, 29 Texas, 247; Holt v. Follett, 65 Texas, 551; 14 Am. and Eng. Encyc. of Law, 61, note 1; Straus v. Young, 36 Md., 246; Bitten v. Tenneck, 82 Ind., 424; Railway v. Mitchell, 80 Ga., 438.

KEY, ASSOCIATE JUSTICE.—Suit by appellee for damages.   His petition contains two counts, one charging malicious prosecution, and the other slander.   The case was tried without a jury, and resulted in a finding against appellant on the count for malicious prosecution, the damages being assessed at $500.

We adopt the trial judge's conclusions of facts, except the finding that a want of probable cause and malice were shown.   The evidence shows clearly, that before making the complaints charging appellee with theft and receiving property knowing it to have been stolen, appellant laid the matter before the county attorney; stated to that officer all he knew about it; refused to make the complaints until after that officer had seen and examined the witnesses; that the county attorney sent for the witnesses, and examined them under oath in appellant's presence; that they confirmed what appellant had told the county attorney; that the county attorney told appellant that the evidence was strong enough to send appellee and the other accused persons to the penitentiary, and that it was stronger against appellee than the others, and that he wrote out, and advised and urged appellant to sign the complaint.

Since this case was tried, our Supreme Court, in Sebastian v. Cheney, 86 Texas, 497, held, that when a person in good faith makes to the prosecuting officer a fair statement of the facts, as known to him, concerning the charge of which he makes complaint, and the prosecuting officer advises the prosecution, such action of the prosecuting officer is proof of probable cause, and a defense to an action for malicious prosecution.

We think the court below ruled correctly on the count for slander; but on the other branch of the case, under the case cited, the ruling was erroneous. . The judgment of the District Court will be set aside, and judgment here rendered that appellee take nothing, that appellant go hence without day, and that appellee pay all costs of both courts.

*Reversed and rendered.*

Delivered April 17, 1895.