EL RENO GAS & ELECTRIC CO. v. SPURGEON.

No. 1131.   Opinion Filed October 10, 1911.

(118 Pac. 397.)

1.  **MALICIOUS PROSECUTION—Malice—Advice of Counsel.**  In an action for malicious prosecution growing out of a criminal prosecution of the plaintiff where the prosecutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him ·all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution will not lie.

2.  **SAME—Want of Probable Cause—Advice of Counsel.**  In an action for malicious prosecution, where the undisputed evidence shows that the prosecutor sought the advice of competent counsel, and made a full disclosure of all the facts reasonably obtainable, and in good faith acted upon such advice, probable cause for the institution of the criminal prosecution is established, notwithstanding the subsequent acquittal of the accused.

3.  **SAME—Actions—Burden of Proof.**  In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause, and where the uncontroverted evidence shows that the prosecutor laid all the facts before competent counsel, and acted in good faith upon ·the advice given, he is exonerated from all liability.

4.  **SAME—Actions—Direction of Verdict.**  In an action for malicious prosecution, where the uncontroverted evidence shows that the prosecutor, before instituting criminal proceedings against the accused, sought the advice of a regularly licensed and practicing attorney, and thereafter, and before action was taken, also consulted and advised with the county attorney, and placed before said attorneys all the facts within his knowledge, or which he could have obtained by the exercise of reasonable diligence and inquiry, concerning the guilt of the accused, and fairly and honestly acted upon the legal advice given, it is error in the trial court to refuse to direct the jury to return a verdict for the defendant.

(Syllabus by Sharp, C.)

*Error from District ·Court, Canadian County; W.° N. Maben, Judge.*

Action by C. C. Spurgeon against the El Reno Gas & Electric Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Defendant in error in his petition charges that on March 14, 1908, plaintiff below, C. C. Spurgeon, instituted an action against defendant below, the El Reno Gas & Electric Company, seeking to recover damages in the sum of $10,000, charging that on February 12, 1908, the defendant company, acting through its manager, H. H. Stephens, caused to be filed in the county court of Canadian county a criminal complaint, charging plaintiff below with the crime of larceny of electric current from said defendant company by means of a certain contrivance attached to wires on the poles of the said company, and by such contrivance stole from said defendant electric current of the value of $2.16. Plaintiff was thereupon arrested, committed to jail until bond was given, and thereafter, on March 10, 1908, on the trial of said cause in said county court before a jury, was acquitted. Plaintiff below charges that there was no cause for the bringing of said criminal action, and that the same was maliciously instituted by the defendant company, acting through its said manager, Stephens, and sets out at length the alleged malicious purpose in filing said criminal charge. That on account thereof plaintiff has been damaged in the sum aforesaid.

Defendant's answer contains (1) a general denial, and (2) that, prior to filing the information in the county court, it laid all the facts and circumstances of the case before the county attorney of Canadian county, who, after a fair, thorough, and impartial investigation, advised said manager that, according to the evidence submitted to him, defendant below was, in the opinion of said county attorney, guilty of the offense of larceny. That thereupon the county attorney prepared the information so charging said defendant, who was subsequently arrested on said charge. That upon the trial, all the facts and circumstances submitted to the county attorney were adduced to the jury trying said criminal charge, and that in the first trial of said charge the jury disagreed. That in the institution and prosecution of said

criminal proceeding said Stephens in all things acted and relied upon the advice of said county attorney. (3) Defendant in its answer further alleged that in the trial of the criminal charge plaintiff herein challenged the sufficiency of the evidence offered to support the information on behalf of said plaintiff, on the ground that the same did not constitute an offense; further, that he demurred to the evidence on the ground that the same was insufficient to prove the commission of the offense charged, and that, after argument thereon, the county court, after due consideration thereof, overruled the said challenge and demurrer of said defendant. Thereupon plaintiff replied, denying each and every allegation of new matter contained in said answer. On the trial the only testimony offered by plaintiff was his own.

There is little real conflict in the material testimony of plaintiff and defendant. The substance of the testimony of plaintiff was that he was not guilty of the charge preferred against him, and that he was damaged on account thereof. That of the defendant goes to show that its manager at all times acted upon information in his possession, consisting of personal knowledge and of facts reported to him by his subordinates, touching the probable guilt of defendant. This testimony and that of Mr. Clark, county attorney, and Mr. Babcock, attorney for plaintiff in error, is undisputed. After both plaintiff and defendant had rested their case, plaintiff in error filed its motion to direct a verdict in its behalf, which was overruled, and thereupon requested the giving of certain instructions numbered 1 to 6, which were refused and exceptions saved. The court thereupon charged the jury, and to the giving of certain portions of which charge both plaintiff and defendant excepted. The trial resulted in a verdict for plaintiff and against defendant in the sum of $525. Motion for new trial being overruled, judgment was entered on the verdict, and from which judgment defendant brings error.

*Babcock & Trevathan* and *W. H. Criley,* for plaintiff in error.

*George S. Pearl,* for defendant in error.

Opinion by SHARP, C.   (after stating the facts as above). The motion to direct a verdict in its favor, filed by plaintiff in error, omitting formal parts, is as follows:

"And now, at the close of the evidence adduced on behalf of the plaintiff and the defendant, and after both plaintiff and defendant have rested their case, comes the defendant and moves the court to direct the jury to return a verdict for the defendant for the following reasons, to wit:   That the testimony shows that H. H. Stephens, agent of the defendant, before he instituted the said criminal proceedings, fully, fairly, and truthfully stated all the facts and circumstances in relation to the alleged crime to John W. Clark, the then county attorney, and said Clark, as such county attorney, advised him that he had reasonable cause to institute the criminal proceedings against the plaintiff, and that the said Stephens, agent as aforesaid, in good faith, acted upon such advice.   That the evidence shows there was probable cause for the institution of said criminal prosecution."

This motion was overruled, to which action plaintiff in error excepted, and here urges as reversible error.

If, from the uncontroverted testimony in the case at bar, it is, made to appear that Stephens, as manager of plaintiff in error, sought the advice of counsel, and put before him a full and fair disclosure of all the facts he had with reasonable diligence been able to gather concerning the guilt of the accused, and then and there received advice justifying the prosecution and relied thereon, and in good faith made the criminal complaint, believing the accused guilty, plaintiff in error is entitled to immunity from damages notwithstanding the subsequent acquittal of the accused.   Such a course of conduct completely rebuts the allegations that there was a want of probable cause for commencing the prosecution, and of itself shows probable cause.   It is necessary to consider what the testimony is in this regard.

H. H. Stephens testified in substance that, after being apprised of the facts concerning the alleged offense, he consulted Attorney Babcock, stating the facts concerning the alleged offense to him, and asked his advise, and that Mr. Babcock advised him that he thought a cause of action existed, but to see the

county attorney and lay the facts before him; that he then saw the county attorney, showing the appliances that had been taken out the main-line plug, and the connections that had been made to complete the circuit in the house of defendant in error, and told him what he had seen and what two of the company's employees had seen and reported to him, and asked him whether he thought the company had a cause of action or not, and was advised that the county attorney thought he had, and that a complaint was then made out and sworn to. .

John W. Clark, county attorney, testified that on February 12, 1908, and prior to the commencement of the criminal action against Mr. Spurgeon, what purported to be a statement of facts was given him. The witness' recollection was that Mr. Babcock first came to him and stated the circumstances, and that they talked the matter over, and that he requested Babcock to look up the law, and that Mr. Babcock, in turn, informed him that he had looked up the law whether or not electricity was the subject of larceny; that they then went to the office of the county judge and looked up a decision, and that Mr. Stephens came to the office at some time and signed the information, and that possibly Mr. Stephens stated the facts to him, and the witness' recollection was that substantially the facts presented at the time were sworn to by the witnesses for the state in the trial of the crim-. inal action; that the opinion of the witness, if given or expressed, was shown by the information, and that, if a further opinion was given, it was that the facts, if proven, constituted a cause of action; that the case had been twice tried; that it was the universal custom of the county attorney's office, upon complaint made, to make out a complaint, unless, in the belief of the witness, it was being done from malice or spite; that the witness had a conference with Messrs. Babcock and Stephens; that there was some doubt in the mind of the witness whether a prosecution would lie for stealing electric current; that after the first jury had disagreed the witness considered that, from the facts presented at the trial, there was sufficient evidence to warrant its being again submitted to a jury, and that, prior to the filing of

the complaint, the coils, or fuse plugs, or something similar, and some short pieces of wire, were shown the witness; that Mr. Babcock assisted the witness in the prosecution, but not at the solicitation of the witness, but presumably as attorney for the El Reno Gas & Electric Company.

Lucius Babcock testified that he had resided in El Reno for about eight years, and was a regular practicing attorney of about ten years' experience, and that about February 1st he was consulted by H. H. Stephens with reference to preferring a criminal charge against C. C. Spurgeon; that Mr. Stephens informed him concerning the use by Spurgeon of electricity, by making certain connections, without the company's consent, and without paying for it; that he then looked up the question of whether or not electricity was the subject of larceny; that the statements made by Mr. Stephens consisted of what he himself had observed, and of what had been reported to him by Mr. Bowers; that he advised Mr. Stephens that he had probable cause for commencing the action against Spurgeon, but advised him to lay the matter before the county attorney, and he would do the same; that he went to see Mr. Clark, and found Mr. Stephens already there, and that they presented to Mr. Clark the same matter just as Mr. Stephens had stated it to him prior to that time, and showed Mr. Clark the connections and improvised coils and wires which Stephens had shown the witness; that thereupon Mr. Clark suggested there might be a question as to whether or not electricity was the subject of larceny, and asked the witness if he had looked the matter up, and that he told the county attorney that he had, and they then went to the office of the county judge and looked up an authority, after which Mr. Clark stated he was satisfied, and subsequently drew up the information, and that Mr. Stephens afterwards came back and signed it, when it was filed; that the evidence and facts submitted to the witness by Mr. Stephens and sworn to in the complaint were substantially the same facts and circumstances as were produced on the first trial, but that on the second there was slight additional testimony, though what this was does not appear from the record; that while there was

no statute referring directly to the larceny of electricity, the witness advised Mr. Stephens that such larceny came properly under the general larceny statute; that Mr. Clark told Mr. Stephens and the witness that under the statement of facts, and in his opinion, an offense had been committed against the state; that the only doubt that Mr. Clark expressed about the propriety of the prosecution was as to a question of law, and not of evidence.

It may be stated as a general rule that, where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have obtained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie. Newell on Malicious Prosecution, 310.; *Le Clear v. Perkins,* 103 Mich. 131, 61 N. W. 357, 26 L. R. A. 627; *O'Neal v. McKinna,* 116 Ala. 606, 22 South. 905; *Sandel v. Sherman,* 107 Cal. 391, 40 Pac. 493; *Atchison, etc., Ry. Co. v. Brown,* 57 Kan. 785, 48 Pac. 31; *Terre Haute & I. Co. v. Mason,* 148 Ind. 578, 46 N. E. 332; *Mesker v. McCourt* (Ky.) 44 S. W. 975; *Putnam v. Stalker,* 50 Ore. 210, 91 Pac. 363; *Lenoir v. Marlin,* 10 Tex. Civ. App. 376, 30 S. W. 566; *Smith v. Austin,* 49 Mich. 286, 13 N. W. 593.

In such cases it must appear that the counselor is a regular attorney, licensed to practice under the laws of the state in which he resides, and competent to give advice on legal matters. Attorneys at law are regarded as officers of the court, and it is upon grounds of public policy, where a party has been advised by any attorney in active practice, upon full consideration of the facts, to institute a criminal prosecution, if he acts in good faith under the advice given him, he shall not be mulcted in damages, although the party accused may be innocent of the crime alleged against him. If this were not the law, no one would be safe in preferring a complaint against another, for a criminal offense. It is said:

"The policy of the law is to encourage prosecution when there are facts and circumstances that would induce the belief

in the mind of a reasonable and cautious man of the guilt of the party accused. In such cases, the advice of competent counsel, if given and acted upon in good faith upon a full disclosure of all the facts, has uniformly been held to constitute probable cause for instituting a criminal prosecution, notwithstanding it may afterwards appear that the party accused was not guilty." (Newell on Mal. Pros. 315.)

In the case at bar, not only did Mr. Stephens consult with the company's attorney, Mr. Babcock, placing before him all the facts and circumstances within his knowledge, and which by inquiry and investigation he had obtained through the company's employees, but followed up this information by putting the same facts and circumstances before Mr. Clark, the county attorney. The investigation made in endeavoring to ascertain the probable guilt of plaintiff in error covered a period of 10 or 12 days. The only doubt that existed in the minds of either Mr. Clark or Mr. Babcock was as to the technical question of whether or not electricity was the subject of larceny, and, before action was taken, this legal question was investigated and an affirmative conclusion reached.

In order that the advice of counsel may appear as a defense to an action for malicious prosecution, it must be shown primarily that such advice was predicated upon a full and fair disclosure of the known facts, and where such a defense is pleaded the defendant should show what facts were stated to counsel, in order that it may be determined whether a full and fair disclosure was made; and the advice given thereon should also be shown by the evidence. 19 A. & E. Enc. Law (2d Ed.) 687, 688. That this requirement of the law was fully complied with by the parties before filing the criminal complaint is clear; in fact, there is no difference as to the material facts testified to by either Stephens or Babcock, and which are supported by the testimony of Clark. The plaintiff offered no testimony in opposition thereto.

In *Stewart v. Sonneborn*, 98 U. S. 187, 25 L. Ed. 116, it is said in the syllabus:

"In an action by A. to recover damages for the alleged wrongful and malicious institution of proceedings in bankruptcy

against him by B. & Co., the defendant asked the court to charge that if the jury believed from the evidence that they, in prosecuting an action of debt against him, had acted on the advice of counsel, and upon such advice had an honest belief in the validity of the debt sued for, and of their right to recover it, and in the institution of the bankruptcy proceedings had acted likewise on such advice, and under an honest belief that they were taking and using only such remedies as the law provided for the collection of what they believed to be a *bona fide* debt, they having first given a full statement of the facts of the case to counsel, then there was not such malice in the wrongful use of legal proceedings by them as would entitle A. to recover. The court declined so to charge. *Held*: (1) That the instruction should have been given. (2) That the facts herein stated constituted in law a probable cause, and being such, the existence of malice, if such there was, would not entitle the plaintiff to recover."

In *Dolbe v. Norton*, 22 Kan. 101, the court said:

"The county attorney is the proper officer designated by law for such a purpose. A person may, however, rightfully consult any lawyer learned in his profession. And where a person acting in good faith, and under the advice of counsel learned in the law, mistakenly institutes a prosecution against another person who is not liable, and the prosecution fails, the prosecutor does not thereby render himself liable to an action for malicious prosecution, or to any other action. The mere fact that he took such advice under such circumstances is a good defense to any action that might subsequently be brought against him."

*Schippel v. Norton*, 38 Kan. 567, 16 Pac. 804; *Jackson v. Linnington*, 47 Kan. 396, 28 Pac. 173, 27 Am. St. Rep. 300.

A well-considered case is that of *Cooper v. Flemming*, 114 Tenn. 40, 84 S. W. 801, 68 L. R. A. 849, where many authorities are collated, and in which it was held that the advice of the public prosecutor that a statutory offense had been committed, based upon a fair and full disclosure of the facts, would protect the prosecuting witness from an action for malicious prosecution, although the advice given was based upon an erroneous construction of the statute.

*Wicker v. Hotchkiss*, 62 Ill. 107, 14 Am. Rep. 75; *Paddock v. Watts*, 116 Ind. 146, 19 N. E. 518, 9 Am. St. Rep. 832; *Adams v. Bicknell*, 126 Ind. 210, 25 N. E. 804, 22 Am. St. Rep. 576;

*Mesher v. Iddings,* 72 Iowa, 553, 34 N. W. 328; *Emerson v. Cochran,* 111 Pa. 619, 4 Atl. 498; *Dreyfus v. Aul,* 29 Neb. 191, 45 N. W. 282; *Motes v. Bates,* 80 Ala. 382; *Moore v. Northern Pac. Ry. Co.,* 37 Minn. 147, 33 N. W. 334; *Gilbertson v. Fuller,* 40 Minn. 413, 42 N. W. 203; *Stone v. Swift,* 4 Pick. (Mass.) 389, 16 Am. Dec. 349; *Yocum v. Polly,* 1 B. Mon. (Ky.) 358, 36 Am. Dec. 583; *Frowman v. Smith,* Litt. Sel. Cas. (Ky.) 7, 12 Am. Dec. 265; *Potter v. Scale,* 8 Cal. 217; *Levy v. Brannan,* 39 Cal. 485; *Center v. Spring,* 2 Iowa, 293; *Griffin v. Chubb,* 7 Tex. 602, 58 Am. Dec. 85; *Tryon v. Pingree,* 112 Mich. 338, 70 N. W. 905, 37 L. R. A. 222, 67 Am. St. Rep. 398; *Ferguson v. Arnow,* 142 N. Y. 580, 37 N. E. 626.

The guilt or innocence of defendant in error of the charge made against him is not an issue to be determined in the trial of a subsequent action for malicious prosecution, as legal grounds may exist to justify a party in setting the criminal law in motion, though subsequently shown that no offense has been committed, or, if committed, not by the accused; so it follows that what is probable cause is not contingent upon the facts of the guilt of the accused. This is evident. The law itself ordains that prosecution shall be the method of solving the question whether one has committed a crime or not, and, as prosecution is therefore a necessary antecedent, the law would violate common sense and destroy itself, if it were to say that the act of prosecuting must yet wait for knowledge of the guilt of the suspect.

If the information possessed is believed, and is such and from such sources that the generality of business men of ordinary care, prudence, and discretion would prosecute upon it under the same conditions, there is probable cause.

*Gallaway v. Burr,* 32 Mich. 332; *Fagnan v. Knox,* 66 N. Y. 525; *Heyne v. Blair,* 62 N. Y. 19; *Bacon v. Towne,* 4 Cush. (Mass.) 217; *Wheeler v. Nesbitt,* 24 How. 544, 16 L. Ed. 765; *Porter v. Mack et.al.,* 50 W. Va. 581, 40 S. E. 459.

It is to be judged of, not upon the actual state of the case, but upon the honest and reasonable belief of the party who instituted the prosecution complained of. *Good v. French,* 115

Mass. 203. The facts and circumstances cannot be viewed from the standpoint of knowledge of the plaintiff, but they must be viewed from the standpoint, information, and knowledge of the defendant. *Porter v. Mack, supra.*

Not only did the plaintiff in error put before its attorney and the county attorney all the facts and circumstances within the knowledge of its manager, and which he had, by the exercise of an extended investigation, been able to secure, but these facts in substance were submitted to the jury on the trials of the criminal action. Having sought the advice of counsel, both private and public, and having relied upon the advice given after a full and fair disclosure of the facts and circumstances known to the prosecutor, and which facts were subsequently put before two juries, the first of which was unable to agree, and the second acquitted the defendant below, notwithstanding the belief of the county attorney that there was sufficient evidence to warrant the case being submitted to a jury the second time, and the defendant in error having introduced no evidence to refute this testimony, we must conclude that there was a total failure of proof of want of probable cause in the institution and prosecution of the criminal action against defendant in error.

Plaintiff in error, having established by undisputed evidence its second ground of defense as contained in its answer, and which constitutes a complete defense to the cause of action of defendant in error, it follows that the trial court erred in overruling the motion to direct a verdict for plaintiff in error. *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776; *Chicago, etc., Ry. Co. v. Groves,* 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802; *Cockrell v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180.

Having thus concluded, it will not be necessary to consider the remaining assignments of error.

The judgment of the lower court should therefore be reversed, and the cause remanded.

By the·Court: It is so ordered.

All the Justices concur.