**ST. LOUIS-S. F. RY. CO. et al. v. BUTLER.**

No. 15425. Opinion Filed Jan. 31, 1928.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

1. **Malicious Prosecution—Acting on Advice of Counsel as Defense—Inadequate Disclosure of Facts to Counsel.**

In an action for malicious prosecution, where the prosecutor, before instituting the contempt proceeding, obtained the advice of counsel, but did not fully and fairly communicate to him all of the material facts bearing on the case of which he had knowledge, or could have obtained the same by reasonable diligence and inquiry, acting upon the advice thus received, it does not establish the absence of malice or negative a want of probable cause, and an action for malicious prosecution may be maintained.

2. **Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

In a law action, where there is competent evidence reasonably tending to support the verdict of the jury and judgment of court thereon, the same will not be disturbed on appeal.

Error from District Court, Creek County; James Hepburn, Judge.

Action by Sam Butler against the St. Louis-San Francisco Railway Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

E. T. Miller. Stuart, Sharp & Cruce, and Ben Franklin, for plaintiffs in error.

Forrester Brewster and Streeter Speakman, for defendant in error.

CLARK, J. This suit was filed by defendant in error against plaintiffs in error in the district court of Creek county, for malicious prosecution; was tried to a jury; verdict returned for defendant in error; from judgment rendered thereon, plaintiffs in error appeal.

Defendant in error alleged in the court below that plaintiffs in error charged defendant in error, together with other parties, with the violation of an injunction issued out of the United States District Court for the Western District of Oklahoma. Defendant in error was charged with contempt of said court, arrested, tried, and acquitted. It was found that said charge so made by plaintiffs in error was false and without probable cause.

Plaintiffs in error in the court below filed separate answers which denied that said prosecution was malicious and without probable cause, and alleged that all facts relating to said matters had been, by the plaintiffs in error, submitted to their attorney, and they were advised that such facts were sufficient upon which to base the charge as set forth in said complaint.

Five specifications of error are presented in plaintiffs in error's brief:

"(1) The verdict of the jury is not sustained by sufficient evidence.

"(2) The court erred in its instructions to the jury.

"(3) The court erred in refusing to give certain instructions requested by defendant.

"(4) The amount of the verdict is excessive.

"(5) The court erred in admitting incompetent, irrelevant, immaterial, and prejudicial evidence over the objections of defendant."

Was the verdict of the jury sustained by sufficient evidence? Plaintiff in error St. Louis-San Francisco Railway Company had applied to United States District Court of the Western District of Oklahoma for an injunction, and same was issued, enjoining striking employees and all other persons from, in any manner, interfering with any of its property, or in any manner interfering with any employee of plaintiff in error.

Two negro employees of plaintiff in error, Walter Jackson and Will Sanders, went into a store in the city of Sapulpa to purchase supplies. A mob gathered outside. Defendant in error, Sam Butler, was a clerk in said store. He stated to the negroes that he did not want to sell them goods. The negroes then told him that they were not in the employ of the railway company. Butler then advised the negroes to go out and tell the strikers that they were not in the employ of the railway company. The negroes went out of the store, were taken by the mob, carried out of town, and whipped.

Plaintiff in error H. A. Thompson was a deputy United States marshal and special agent of said railway company. He investigated the mobbing of these negroes. It is the contention of plaintiffs in error that Thompson made a full disclosure of all facts reasonably obtainable to competent counsel and was advised that contempt proceedings were proper.

Defendant in error contends that a fair and full disclosure was not made to counsel by Thompson. This was a question of fact for the jury and was found against plaintiffs in error by the jury. There was no evidence that in any way connected Butler with the mobbing of the negroes, and a fair and full statement by Thompson of the facts obtained by him in his investigation would have convinced his counsel that Butler was in no way responsible for the action of the mob and that he, Butler, took no part in any way in the mobbing of the negroes.

This court held in El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397, that:

"In an action for malicious prosecution growing out of a criminal prosecution of the plaintiff, where the prosecutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution will not lie."

"In an action for malicious prosecution, where the undisputed evidence shows that the prosecutor sought the advice of competent counsel, and made a full disclosure of all the facts reasonably obtainable, and in good faith acted upon such advice, probable cause for the institution of the criminal prosecution is established, notwithstanding the subsequent acquittal of the accused."

This is the correct rule, and has been followed by this court. Plaintiffs in error contend that this case comes within this rule. We think not, for the reason plaintiff in error Thompson did not make a full disclosure of all facts reasonably obtainable to his counsel.

Plaintiffs in error contend that the question as to what amounts to probable cause is one of law for the court, and that this court should pass on the question as to whether or not Thompson had reasonable grounds for believing that Butler was guilty. This was passed on by the federal court, and also by the trial court, and was decided against the contention of plaintiffs in error. No evidence or state of facts has been presented or called to our attention that would prove or tend to prove that Butler took any part in the flogging, or in any way participated with the mob which assaulted the two negroes. The evidence was sufficient to sustain the verdict of the jury.

The second and third assignments of error: "The court erred in his instructions to the jury and refused to give requested instructions." The trial court in his instructions to the jury fairly and fully stated the law of the case on the issues joined; the instructions taken as a whole did not deprive the plaintiffs in error of any substantial right. We find there was no error in instructions given, and that the court did not err in refusing to give the requested instructions.

Fourth assignment of error, "That the verdict of the jury was excessive." The amount of the verdict was a question of fact for the jury, and the verdict is not unreasonable. In the case of St. Louis-San Francisco Railway Co. v. Hodge, 53 Okla. 427, 157 Pac. 60, this court said:

"While in an action for personal injury a verdict will not be set aside for excessive damages, unless it clearly appear that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which damages are regulated. * * *"

Also see Muskogee Electric Traction Co. v. Wimmer, 80 Okla. 11, 194 Pac. 107.

Fifth assignment of error, that "The court erred in admitting certain evidence over the objection of plaintiffs in error." The evidence offered by defendant in error admitted by the court was proper. The trial court did not err in admitting the same.

A careful examination of the entire record discloses plaintiffs in error had a fair

trial before the jury and that the errors complained of are insufficient to set aside the verdict of the jury, and the judgment of the trial court is affirmed.

BRANSON, C. J., and LESTER, HUNT, and RILEY, JJ., concur.

PHELPS, J., dissents.

Note.—See under (1) 38 C. J. p. 434, §79; anno. 18 L. R. A. (N. S.) 67; 12 A. L. R. 1230; 18 R. C. L. p. 45; 3 R. C. L. Supp. p. 782; 4 R. C. L. Supp. p. 1176; 5 R. C. L. Supp. p. 971; 6 R. C. L. Supp. p. 1050. (2) 4 C. J. p. 853, §2834; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.