GEORGE W. MARKLEY v. MARY H. KIRBY, *Administratrix*.

No. 159.

1. JURISDICTION OF COURTS OF APPEALS—*is derived from the statute, not from orders of Supreme Court.* The Courts of Appeals derive their jurisdiction from chapter 96 of the Laws of 1895; and when the record of a case within their jurisdiction which was originally brought in the Supreme Court is received by the Court of Appeals, it immediately has full and complete jurisdiction of such case as though it had been originally commenced in such Court of Appeals. A case which remains undecided in a court is pending therein.

2. ——— *was complete upon the passage of the statute creating the court.* Upon the passage of the Act creating the Kansas Court of Appeals, the Supreme Court was divested of all jurisdiction of the cases "pending therein" which it was directed to transfer to the Courts of Appeals, except such reviewing supervision as is provided for in said Act, and could make no valid order in such cases except the order transferring them as directed.

3. EXCEPTIONS TO INSTRUCTIONS—*taken in this case were sufficient.* Where the record shows that a party objects at the time and saves an exception to the instructions given by the court as a whole, and to each and every instruction separately, and to each and every part thereof, such exceptions are sufficient to obtain a review of any part of such instructions.

4. MALICIOUS PROSECUTION — PROBABLE CAUSE—*jury must determine what facts are proven, court must determine whether they amount to probable cause.* In an action for malicious prosecution, the question of probable cause is one of law for the court to determine. If the undisputed facts show that there either was or was not probable cause, the court should so find, and should instruct the jury that there was or was not probable cause shown. If, however, there is a substantial dispute about the facts which constitute the probable cause or the want thereof, it is for the jury to determine what facts are proved, and for the court to say whether they amount to probable cause.

Error from Osage District Court. Hon. William Thomson, Judge. Opinion filed November 10, 1897. *Reversed.*

*A. C. Markley* and *R. C. Heiser*, for plaintiff in error.
*David Overmyer*, for defendant in error.

DENNISON, P. J.   This action was commenced in
the District Court of Osage County, Kansas, by C. E.
Kirby against Geo. W. Markley, plaintiff alleging that
he had been damaged in the sum of ten thousand dol-
lars because of a malicious prosecution which had been
instituted against him by Markley.   The case was
tried before the court and a jury.   The jury returned
a verdict against the defendant, Markley, in the sum
of eight hundred dollars, and the court rendered judg-
ment thereon.   Markley commenced proceedings in
error in the Supreme Court on January 3, 1893, by
filing therein his petition in error and case-made.
On July 31, 1895, the case was filed in this court,
having been transferred from the Supreme Court.
The counsel for defendant in error contends that this

1. Jurisdiction of case should be dismissed because the
Appellate Courts record contains no order of the Supreme
derived from
statute. Court certifying said case to this court,
nor any order of the Supreme Court requiring this
court to notify the parties of the transfer.   There is
no claim that the usual certificate and order have not
been made by the Supreme Court.   The only conten-
tion is that they are not contained in the record.   We
are not advised as to what counsel intends by the use of
the word "record"—whether he uses it in its technical
sense, or whether he uses it to mean the petition in
error and case-made or transcript.   It is probable that
we ought to presume that he uses it in its technical
and strictly legal sense.   To do this he must mean
that the certificate and order are not among the files

of the case in this court. We do not think he intends to make that statement. In his brief he says :

" The record is before us, and it contains no *order* of the Supreme Court certifying said cause to this honorable court, nor does it contain any order of said court requiring this court *to notify* the parties as provided in said section. If any order was ever made by the Supreme Court certifying this cause to this court, or directing this court to notify the parties, all of which would be absolutely necessary to fix the jurisdiction of this court, such order does not appear of record in this cause, and is unknown to the parties to this cause. We, therefore, insist that the attempted proceedings in this cause should be dismissed," etc.

This Court derives its jurisdiction from the statutes and not from a certificate or an order of the Supreme

2. Jurisdiction of Appellate Courts complete upon passage of statute.

Court. Ch. 96, Laws 1895, § 9. Section 11, chapter 96, Laws of 1895, directs the Supreme Court to " *certify down* to the Courts of Appeals all the cases originating in each division and within its jurisdiction." Now, suppose it fails to make the certificate. The Supreme Court does not retain jurisdiction because of such failure. It has been divested of such jurisdiction by chapter 96, *supra*. The statutes do not say that the jurisdiction of the Courts of Appeals shall depend upon the certificate. They say : " Said Courts of Appeals shall *immediately upon the receipt of the record* in any such case, have as full and complete jurisdiction of such case as if it had been originally commenced therein."

Again, suppose the Supreme Court had failed to direct this court to give the parties notice. Our jurisdiction would not depend upon this. The most that could be claimed would be that this court could not

hear and determine the case until it did give such notice. We apprehend, however, that if this court gave sufficient notice to the parties, they could not complain.

We presume the proper certificate and order are among the files of this case and in this court. They should not be attached to the petition and case-made. If they have never been made by the Supreme Court, we then hold that, having received the record, this court has jurisdiction.

It appears that the defendant in error, Chas. E. Kirby, died December 26, 1894, and this case was revived in this court on December 26, 1895, in the name of Mary H. Kirby, administratrix of the estate of Chas. E. Kirby, deceased, as defendant in error. The counsel for defendant in error contends that, as Kirby died on December 26, 1894, the action abated upon his death, and was therefore not "now pending" in the Supreme Court on February 27, 1895, when the law creating the Courts of Appeals was passed, nor on July 31, 1895, when the record was filed in this court.

All cases remaining undecided in the Supreme Court on February 27, 1895, were "pending therein" upon said date. They remained "pending therein" until they were finally disposed of by said court, either by a decision upon the merits or by a dismissal, unless removed therefrom by authority derived from an act of the Legislature. This cause was removed, by the authority derived from an act of the Legislature, from the Supreme Court to this court, and since July 31, 1895, it has been pending herein. The Legislature selected a tribunal other than the Supreme Court to take jurisdiction of the case and to do all things necessary to be done in the premises. The Supreme Court had lost its jurisdiction in the case and could

498          MARKLEY v. KIRBY.

| S. Dept. | Opinion.   Dennison, P. J. | 6 Kan. App. |

not have revived it. The Supreme Court could only transfer it to the court which had jurisdiction to revive it. The case was properly transferred to this court and was properly revived herein, and we will decide it upon its merits.

The defendant in error contends that we cannot review the instructions for the reason that no proper

3. Exception to the instructions sufficient. exceptions were saved thereto. The record recites that the defendant below objected as follows:

"The defendant objected at the time, and saved an exception to the instructions given by the court as a whole, and to each and every instruction separately, and to each and every part thereof."

This is clearly sufficient. *Railway Company v. Nichols et al.*, 9 Kan. 235; *Marbourg v. Smith*, 11 id. 554; *Wheeler v. Joy*, 15 id. 389; *A. T. & S. F. Rld. Co. v. Retford*, 18 id. 245; *Fullenwider v. Ewing*, 25 id. 69; *Bard v. Elston*, 31 id. 274.

The only errors complained of which it will be necessary for us to notice are contained in the instructions given by the court to the jury, the tenth of which reads as follows:

"10. The court instructs the jury that if they believe, from the facts and circumstances proved in this trial, that defendant had not probable cause for prosecuting the plaintiff, and that he did prosecute him, as charged in the petition, then the jury may infer malice from such want of probable cause without further proof."

The plaintiff in error complains of this instruction, and says that the court by this instruction tells the jury that malice is implied from a want of probable cause. We do not so understand the language of the instruction. The court tells the jury that they *may*, not that they must, infer malice from such want

of probable cause.    The case of *Malone v. Murphy*
( 2 Kan. 250 ), which is cited by plaintiff in error to
support this contention, holds that '' affirmative proof
of malice is as necessary as affirmative proof of prob-
able cause ;'' but in the same case it is held that '' the
jury may consider the absence of probable cause as a
circumstance tending to show malice.    It may be in
individual cases a circumstance sufficient to satisfy
them of malice.    They are to be the sole judges of that.
They are not bound by the law to be so satisfied.
They may infer malice from want of probable cause,
but they are not bound so to infer it.''    This instruc-
tion is therefore the law.    The court might have ex-
plained this particular question more fully to the jury,
but we cannot reverse the case because it did not.
If, however, the evidence of malice is to be inferred
from the want of probable cause, the court should
carefully protect the rights of the defendant below
upon the question of probable cause.

The petition in this case charges the defendant be-
low with filing a complaint charging the said Kirby
with a felony, in this, that he had committed an as-
sault upon said Markley with a deadly weapon with
intent to kill; that a warrant was issued thereon
and said plaintiff, Kirby, was arrested, and detained
for a space of twelve hours before he could procure a
bond for his release ; that before the trial the county
attorney dismissed the charge of felonious intent, and
the case proceeded upon the charge of simple assault ;
that the case was tried upon said charge of assault
before the justice of the peace and a jury, and that he,
the said Kirby, was acquitted, and that the jury also
found that the prosecution had been instituted by said
Markley without probable cause and from malicious

**500**     MARKLEY v. KIRBY.

| S. Dept. | Opinion.   Dennison, P. J. | 6 Kan. App. |

motives.   The plaintiff and defendant each introduced evidence as to the encounter between them.

It is contended by the plaintiff in error that the question of probable cause is a question of law, and that the court should have instructed the jury that the plaintiff had failed to show an absence of probable cause.   We will concede the legal proposition contended for.   In an action for malicious prosecution, the question of probable cause is one of law for the court to determine.   If the undisputed facts show that there either was or was not probable cause, the court should so find, and should instruct the jury that there was or was not probable cause shown.   If, however, there is a substantial dispute about the facts which constitute the probable cause or the want thereof, it is for the jury to determine what facts are proved, and for the court to say whether they amount to probable cause.   In this case, if the evidence of the defendant and of his daughter, Mrs. Rebo, is true, there was probable cause.   If the evidence of the plaintiff is true, there was no probable cause; for, while he admits raising the hoe, he claims he did so to be in a position to defend himself, and he denies striking at Markley with it.   There was such a substantial dispute between these parties about the facts tending to show probable cause or the want thereof, that it was the duty of the court to submit those facts to the jury.

This brings us to the question of whether the court did properly submit the disputed facts to the jury. What facts were they to determine?   The jury were instructed that probable cause must be shown by the evidence, and they were instructed what probable

cause is ; but they were nowhere told what facts they must find in this case to justify a finding of probable cause or absence thereof.    The court submitted to the jury the question of probable cause and left them to determine what facts would constitute probable cause. The instructions are, " If you believe that the defendant had probable cause," or, " If you believe that the defendant did not have probable cause."    The instructions should have been, If you find certain facts — enumerating them — then the court instructs you that the defendant had, or had not, as the case may be, probable cause.

The question of the existence or absence of probable cause was not properly submitted to the jury, as required by the Supreme Court in *A. T. & S. F. Rld. Co. v. Watson* ( 37 Kan. 773 ), *Bell v. Keepers* ( 37 id. 64 ), and *Sweeney v. Perney* ( 40 id. 102 ).

Because of this error a new trial must be ordered. We think, also, that the court should have instructed the jury as to the effect of a dismissal of the felonious charge, and have informed them as to whether they must find that there must be probable cause for believing that Kirby had committed a felony, in order to find for Markley, or whether they should find for him if he had probable cause for believing that Kirby had committed an assault upon him.

The judgment of the District Court is reversed and the case remanded for a new trial.