## D. M. TURNEY v. HENRY A. TAYLOR.

### No. 375.

1. MALICIOUS PROSECUTION — *Probable Cause — Submission to Jury.*   Probable cause is, primarily, a question of law for the court, and where there is no substantial dispute as to its existence, or concerning the facts claimed to prove probable cause, the issue cannot properly be submitted to a jury.

2. ———— *Duty of Trial Court—Instructions.*   ''It is generally the duty of the trial court in such a case, where there is a substantial dispute about the facts constituting the existence or want of probable cause, to submit the evidence to the jury, with instructions to determine its credibility and what facts are proved, and that the facts amount to proof of probable cause, or that they do not.   The court should group the facts which the evidence tends to prove in the instructions, and tell the jury that if they find such facts have been established they must find that there was or was not probable cause.''   (*A. T. & S. F. Rld. Co. v. Watson*, 37 Kan. 773, 15 Pac. 877.)

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed February 17, 1899.   Affirmed.

38—8 KAN. APP.

*James Shultz*, for plaintiff in error.

*Clogston & Fuller*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is an action for malicious prosecution. Judgment was rendered against the plaintiff in error in the district court of Greenwood county, and he now brings the case here for review. The following instruction, given by the trial court, is assigned for error, and relied on by plaintiff in error for a reversal:

"Our supreme court has decided that the question as to what facts amount to probable cause is a question of law to be decided by the court, and you are instructed that the facts testified to by defendant Turney as having been within his knowledge at the time he commenced the prosecution against the plaintiff are not sufficient in law to amount to or to show probable cause for the belief that Henry A. Taylor was guilty of the murder of William Coulte. Nor is there any group or combination of the facts offered in evidence in the case sufficient in law to amount to or to show probable cause."

In the case of *A. T. & S. F. Rld. Co. v. Watson*, 37 Kan. 773, 15 Pac. 877, the supreme court said:

"Out of considerations of this character has grown an unbroken line of authorities establishing one of the most important and beneficial rules that govern in actions for malicious prosecutions. The rule is, that in a case where there is a substantial dispute about facts constituting the existence or want of probable cause, it is for the jury to determine what facts are proved, and for the court to say whether or not they amount to probable cause. It is therefore generally the duty of the court in such a case, when evidence is given tending to prove or disprove the existence of probable cause, to submit to the jury its credibility,

and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not.   The court should group the facts in the instructions which the evidence tends to prove, and then instruct the jury that, if they find such facts have been established, they must find that there was or was not probable cause.   This rule must not be made a pretext by which a question primarily for the court is transferred to the jury.   There must be a substantial dispute about the existence of probable cause before it can properly go to the jury, and if about the facts that are claimed to prove or disprove probable cause there can fairly be said to be a dispute, a conflict of testimony, irreconcilable statements of witnesses, a strong flavor of improbability, then the jury are the sole judges of these, as of every other material fact in the case ; but if the evidence on this question, fairly considered and impartially weighed, produces in the mind of the court a reasonable conviction of the existence or want of probable cause, then it is the clear duty of the court to instruct the jury accordingly.   The dispute must be of such character as to compel the court to weigh evidence and determine the credibility of witnesses, before it ceases to be a question of law for the court and becomes an issue of fact for the jury.   Whenever the evidence of the existence or want of probable cause produces in the mind of the court a reasonable doubt as to its proper determination, then it should be submitted to the jury.''

In the case of *Drumm v. Cessnum*, 58 Kan. 333, 49 Pac. 78, the court said :

'' Where there is no dispute as to the facts, it is well settled that it is for the court to determine, as a matter of law, whether probable cause is shown.   Where the facts are disputed, it must be left to the jury to determine what the facts are, but the court should instruct what facts amount to probable cause for an arrest and what do not.   The court should summarize the claims of the parties and state to the jury what basis of fact must exist to show probable cause

and what will sustain the claim of a want of probable cause." See also *Markley v. Kirby*, 6 Kan. App. 494, 50 Pac. 953.

In *Johnson v. Miller*, 63 Iowa, 529, 17 N. W. 35, the court held that what constitutes probable cause for instituting a criminal prosecution is a mixed question of law and fact, and in an action for malicious prosecution the court should group the facts together in the instructions which the evidence tends to prove, and then instruct the jury if they find such facts have been established they must find there was or was not probable cause. In this case there is no such substantial dispute as to the existence or want of probable cause as to form an issue of fact for the jury.

The instructions complained of admit the truthfulness of all the facts testified to by defendant below. There is no dispute as to the facts; they are established. The trial court in giving this instruction admitted every fact favorable to defendant below, admitted every fact that the jury might fairly and legally infer from the evidence favorable to the defendant below; but still the evidence is not sufficient in law to show probable cause. We concur in the conclusion of the trial court, and, applying the well-established rule above cited relating to the duty of trial courts in such cases, it was not error to give the instruction.

Two additional errors are assigned, but they are not sufficient to require a reversal. The judgment of the district court is affirmed.