ALDACE F. WALKER AND JOHN J. McCOOK, *Receivers of the Atchison, Topeka & Santa Fe Railroad Company,* v. D. A. CULMAN.

**No. 615.**   (59 Pac. 606.)

1. CORPORATIONS—*Tort of Agent*—*Scope of Employment.* A corporation is only liable for the tortious acts of its agent when performed in the line of his employment or the authority conferred. (*Wheeler & Wilson Mfg. Co. v. Boyce,* 36 Kan. 350, 13 Pac. 609.)

2. MALICIOUS PROSECUTION — *Probable Cause* — *Submission to Jury.* The question of the existence or absence of probable cause was not submitted to the jury as required in *Markley v. Kirby,* 6 Kan. App. 494, 50 Pac. 953, and authorities therein cited.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed January 11, 1900. Reversed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiffs in error.

*C. T. Atkinson,* and *McDermott & Johnson,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: On October 3, 1894, Culman was arrested upon a warrant issued by a justice of the peace of Arkansas City, Kan., upon a complaint sworn to by one J. A. Mathews charging the defendant in error, under and by the name of John Doe, with

"then and there unlawfully, wilfully and maliciously impeding and obstructing the regular and ordinary labor and business of the Atchison, Topeka & Santa Fe Railroad Company, by enticing its passengers away from its trains and depot at Arkansas City, Kan., and causing them to miss the trains."

Upon the trial he was acquitted and subsequently

brought this action in the district court of Cowley county against Aldace F. Walker, John J. McCook, and Joseph C. Wilson, as receivers of said railroad company, and said J. A. Mathews, claiming that he had been damaged in the sum of $5025 by reason of the malicious prosecution, arrest, and imprisonment. A verdict was returned and judgment rendered against the receivers for the sum of $300 and costs. No judgment was rendered against Mathews. During the pendency of the action Joseph C. Wilson, one of the receivers, died, and the action by consent proceeded against the other two receivers.

The receivers bring the case to this court for review, and specially urge that the court erred in rendering judgment against them, for the reason that there is no evidence tending to show that Mathews was the agent of the receivers. We think otherwise. Mathews testified that he was a detective for the Santa Fe railroad, and that he paid the costs of the prosecution, and than it was allowed to him on his expense account. It is clear that if the receivers are liable it is for the tort of their agent, Mathews. The evidence nowhere shows the duties of Mathews or the instructions given to him by his principal. The plaintiffs in error in their verified answer deny that Mathews acted with their knowledge and consent, or by their direction or order, or by their authority, in causing the arrest of Culman, or that he was arrested with their knowledge or consent, or by their authority. There was no evidence tending to prove that these allegations of the answer were false.

"A corporation is liable to an action for malicious prosecution, but as it can act, maliciously or otherwise, only through agents, the tortious act must be performed in the line of the employment of such agent and in the execution of the authority con-

ferred." (*Wheeler & Wilson Mfg. Co. v. Boyce*, 36 Kan.
350, 13 Pac. 609.)

This action was tried upon the theory that it was
an action for malicious prosecution. In its instruc-
tions numbered 3, 4, 6, 7, 8, 9, and 10, the court in
effect charged the jury that if they found that Mathews
instituted the prosecution complained of from mali-
cious motives and without probable cause then the
plaintiff below was entitled to recover.

Nowhere were the jury told what facts they must
find in the case to justify a finding of probable cause
or the absence thereof. The question of the existence
or absence of probable cause was not submitted to the
jury, as required in *Markley v. Kirby*, 6 Kan. App. 494,
50 Pac. 953, and authorities therein cited.

The court gave to the jury the following instruction :

"It is a good defense to an action for malicious
prosecution that the defendant, before commencing
the alleged malicious prosecution, presented the mat-
ter to the county attorney, fairly stating to him all
the facts, and then in good faith following the advice
of the county attorney. Such a thing completely re-
buts the allegation of the plaintiff that there was want
of probable cause. So in this case, if you should be
satisfied from the preponderance of the evidence that
the defendant J. A. Mathews, before the commence-
ment of the prosecution complained of, did, in good
faith, lay the whole matter before the county attor-
ney, fairly stating to him all the facts, and that after
so doing the county attorney instituted the prosecu-
tion complained of, or advised the said defendant
Mathews to so institute the same, then and in such
case the plaintiff cannot recover in this action against
the said defendants, or either of them."

The testimony of Mathews and the county attorney,
which is undisputed upon this point, clearly shows
that the matter was fairly, fully and in good faith

stated to the county attorney, and that he found the statements to have been true, and Mathews acted thereon in good faith. This instruction correctly states the law (*Dolbe v. Norton*, 22 Kan. 101), and was clearly ignored by the jury.

Because of the errors enumerated, the judgment of the district court is reversed and the cause remanded for a new trial.