# CHARLESTON.

PORTER v. MACK & BOREN.

Submitted June 26, 1901.   Decided December 17, 1901.

1. DECLARATION—*Conspiracy—Malicious Prosecution.*

A declaration charging a conspiracy to sacrifice and destroy plaintiff's property and business by the malicious use of judicial proceedings must allege that such proceedings were instigated, instituted and prosecuted to a finality by the defendants without probable cause. (p. 583).

2. CONSPIRACY.

There can be no conspiracy to do that which is lawful in a lawful manner. (p. 583).

3. MALICIOUS DOING—*Lawful Act—Not Actionable.*

The malicious doing of a lawful act in a lawful manner is not actionable. (p. 584).

4. DEBT—*Judicial Proceeding.*

If a person agree to pay the debt of another to a third party and either pay it or be in condition to pay it and having control of such third party's debt, wilfully ignoring his obligation, maliciously institutes judicial proceedings and carries them through to a finality in such third party's name for the purpose of sacrificing the debtor's property and destroying his business, such proceedings are without probable cause, and render such person liable to an action for malicious prosecution. If there are more than one of such persons they are liable in an action on the case for conspiracy in the unlawful use of judicial process. (p. 589).

5. PAYMENT—*Agent—Malicious Prosecution—Assumpsit.*

If a person who has assumed to pay the debt of another be not in condition for any reason to do so, and at the same time he is the agent for the creditor and it is his duty as such agent to collect such debt off of the debtor, his performance of such duty by legal proceedings is not without probable cause, and will not render him liable to a suit for malicious prosecution, although the debt, interest and costs, may be recovered from him in an action of *assumpsit*, for breach of his contract. (p. 590).

6. JUDICIAL PROCEEDINGS—*Probable Cause.*

It is unlawful for a malicious purpose to institute judicial proceedings without probable cause. (p. 590).

7. COMMON LAW ACTION—*Conspiracy.*

The common law action of conspiracy is obsolete, and in lieu

thereof an action on the case in the nature of a conspiracy has been substituted. (p. 591).

8. GROUNDS OF ACTION—*Judgment.*

In such action the grounds or gravamen thereof, whether one or more, must be set out with the same certainty as though it were an action against a single defendant. Conspiracy is only added thereto as matter of aggravation or jointure and need not be proven, but judgment may be had against one defendant and the action discontinued as to the others. (p. 592).

9. DAMAGES—*Final Judgment.*

Where the damages claimed in two separate actions, to-wit, *assumpsit* and malicious prosecution, arise or result from the same acts of abuse or unlawful use of judicial procedure, a final judgment in one is a bar to the further prosecution of the other, although much greater damages might have been recovered in the latter than in the former. Such excess of damages is regarded as waived and the wrong fully satisfied by the judgment obtained in the former, and cannot be relitigated in the latter action. (p. 592).

10. MALICIOUS PROSECUTION—*Statute of Limitations.*

An action for malicious prosecution sounding in consequential and punitive damages, although affecting business and property is such a personal action as does not survive to the personal representative, and is barred by the statute of limitations after one year from the time when the right to bring the same first accrued. (p. 592).

11. GROUNDS OF ACTION—*Separate Pleas.*

Where two separable grounds of action are included in the same declaration, the defendant may file separate pleas as to each of such grounds of action. (p. 593).

12. PROBABLE CAUSE—*Proof.*

The want of probable cause is an essential averment in an action on the case for malicious prosecution, the proof whereof devolves on the plaintiff. (p. 593).

13. SUSTAINING AVERMENT—*Pleading.*

To sustain such averment the plaintiff must show such a state of facts as precludes a reasonable ground of belief in the minds of defendants warranting them to institute and maintain in good faith the alleged malicious proceedings. (p. 593).

14. EVIDENCE—*Judicial Proceeding.*

If the defendants being men of ordinary prudence believed in good faith from their own knowledge or understanding of the facts and circumstances or from information received from reliable sources that the judicial proceedings instituted by them were necessary and justifiable, they cannot be held liable, although it should be afterwards made to appear in a suit for

that purpose by a preponderance of evidence that such proceedings were without just foundation.   (p. 593).

15   Probable Cause—*Defendants Standpoint.*
On the question of probable cause the facts and circumstances, knowledge and information, must be viewed from the standpoint of the defendants, and not that of the plaintiff, and if they in good faith, being men of ordinary prudence, entertained the reasonable belief that it was their duty to institute and maintain the proceedings complained of, they cannot be held liable therefor in an action on the case in the nature of a conspiracy for malicious prosecution.   (p. 594).

16.   Instructions to Jury.
When the law as applied to the facts shown in evidence is plainly for the defendants, the court should instruct the jury to return a verdict accordingly.   (p. 595).

Error to Circuit Court, Hancock County.

Action by John Porter against John M. Mack and another. Judgment for plaintiff, and defendant Greenberry B. Boren brings error.

*Reversed.*

Caldwell & Caldwell, Shiras & Dickey, D. F. Patterson and Faulkner & Walker, for plaintiff in error.

W. P. Hubbard and Henry M. Russel, for defendant in error.

Dent, Judge:

John M. Mack and Greenberry B. Boren, defendants, feeling aggrieved by the judgment of the circuit court of Hancock County against them in favor of John Porter for the sum of eighteen thousand three hundred and thirty-three dollars, assign three hundred and fifty-four reasons why such judgment should not be permitted to stand.

The first is the overruling of the general demurrer to the declaration, that is to say, admitting its allegations to be true, they fail to show a sufficient cause of action against defendants. The action is trespass on the case in the nature of a conspiracy to destroy plaintiff's business.   The conspiracy must be to do some unlawful act for the purpose of maliciously injuring the plaintiff in person or property.   The gist of the action is the injury produced, the gravamen the unlawful act done or per-

formed for the purpose of affecting the injury. There can be no conspiracy to do that which is lawful, although it be done maliciously and operates to injure another in person or property. 6 Am. & En. En. Law (2d Ed.) 872, 875; Cooley on Torts 93; *Jenkins* v. *Fowler,* 24 Pa. 308; *Raycroft* v. *Tayntor,* 68 Ver. 219; *Phelp* v. *Newlen,* 72 N. Y. 39; *Iron Co.* v. *Uhler,* 75 Pa. St. 467.

Owing to its rare character the law regarding this kind of an action has not been well defined, and the decisions of the courts have produced some confusion in regard thereto. The principal authorities maintain that the common law action of conspiracy is obsolete and that there has been substituted therefor an action on the case in the nature of a conspiracy. That the allegation of conspiracy is mere matter of aggravation and need not be proven except to fix the liability of several defendants, and does not change the nature of the action from one purely on the case, subject to all the settled rules of such action. *Parker* v. *Huntington,* 2 Gray (Mass.) 124; *Hutchins* v. *Hutchins,* 7 Hill (N. Y.) 107; *Kimball* v. *Harman,* 34 Md. 407; *Savile* v. *Roberts,* 1 Ld. Raym. 374; *Boston* v. *Simmons,* 150 Mass. 461; *Laverly* v. *Barnsdate,* 65 Pa. St. 507; Jaggard, Torts, 639; Cooley, Torts, 125.

It is also held that the ground of action must be sufficient independent of the charge of conspiracy. Unless it is good as a separate ground of action against one defendant it cannot be good against two or more. *Adler* v. *Fenton,* 24 How. 407; cases before cited.

The following cases to some extent show an unreliable departure from the foregoing rules: In *Griffilh* v. *Ogle,* 1 Brim. (Pa.) 175, it is said that, "Conspiracy is the gist of the action." This is directly contradictory to the great weight of authority. 6 Am. & En. En. Law (2d Ed.) 873. In *Van Horn* v. *Van Horn,* 52 N. J. L. 284, and 53 N. J. L. 574, it was held that in an action on the case in the nature of conspiracy to drive the plaintiff out of business by defamation, it was not necessary to set out the words spoken or the libelous matter published, as the action was not one of slander, and the court might have added also of libel. But how under such a declaration could the plaintiff possibly recover against one of the defendants and if he could not recover against one separately, he could not recover against all combined. In short, the declaration must, leaving out the con-

spiracy charged, make a good case against one of the defendants, and if it be not good against one, it is not good against all. Hence the ground or gravamen of the action, whether single or several, must be set out with the same certainty as in an action against a single defendant for the same character of action, whether it be libel, slander, assault and battery, malicious prosecution or false imprisonment, for the judgment may be against the single defendant without proof of the conspiracy. The nature of an action cannot be changed by simply alleging a conspiracy which need not be proven except as mere matter of aggravation or to extend the liability therefor to other defendants. An action of slander cannot be maintained against two defendants, for each is severally liable for the words spoken by him. Yet where two or more persons conspire to ruin another by slanderous utterances, they may be joined in the same action. But it is necessary to set out the words uttered to hold either of them liable separately and the conspiracy must be proven to hold them liable jointly. They cannot all be held liable separately, for thereby the nature of an action slander could be charged by merely alleging a conspiracy not to be proven, so that a dozen different slanders by a dozen different persons could be prosecuted to final separate judgments in the same suit. In such a joint action if the plaintiff fail to prove a conspiracy, he can only have judgment against a single defendant, although he may convict the others of having made slanderous utterances against him. They cannot be held liable in a joint action for their several slanderous utterances. But judgment may be had against the one most guilty according to the allegations and proofs and a *nolle prosequi* or discontinuance entered as to the others. 13 Ex. Pleading Pract. 30. There are numerous other cases which show the same illogical consideration as the foregoing. These are sufficient, however, to illustrate the true rules governing a case of this nature. First, that it is an action on the case; second, that the conspiracy is matter of aggravation and need not be proven, except to establish the guilty participation of more than one of the defendants; third, that the gravamen or grounds of action must be set forth with the same particularity as though the action were against a single defendant; fourth, it must show unlawful conduct on the part of defendants or some one of them; fifth, judgment may be entered against a single defendant, though the conspiracy charged be not proven, but it

cannot be entered against joint defendants without such proof. Matters that do not present a sufficient ground of action may be included in the declaration as matters of aggravation or proof of malice. There may be several grounds of action included in the same declaration, but to be sufficient in character as such, they must be set out with the same particularity as though they were contained in separate declarations. In short they must each furnish a sufficient ground for judgment against a single defendant. In Pennsylvania and Massachusetts, and probably some other states, in a charge for slander it is held unnecessary to set out the exact words, the substance being deemed sufficient, but in this State the words spoken must be set out, and not their substance. 13 En. Plead. & Pract. 46. This may account to some extent for the different holdings in regard to the action on the case in the nature of a conspiracy. The declaration in the present case appears to be predicated on two grounds of action, to-wit, defamation and malicious prosecution or unlawful use of judicial process. The defamation, however, is not sufficiently averred to justify a judgment against either of the defendants, for it nowhere shows which one of the defendants uttered or published the words charged. As a declaration for slander, it would be demurrable, for two persons cannot be charged with the utterance of the same words at the same time and place or held liable for the same slander. Yet in an action on the case in the nature of a conspiracy, the defendants may be charged with uttering the same words separately for the common purpose of carrying out a conspiracy to destroy the plaintiff's reputation and business, and if the conspiracy is established they become equally liable for the resulting damages.

The defendants have the right to be informed as to which of them uttered the words charged for the purposes of defense. For judgment may be given against the guilty one without regard to the conspiracy. The defamation alleged not being sufficient as a ground of action, but being demurrable as such, there being another ground of action, can be considered as tending to show malice or conspiracy in aggravation of damages. The main ground of action, as appears in this case is the malicious use of judicial proceedings, and is set out in the amended declaration in these words: "And caused Mack Manufacturing Company, a corporation, whereof the said Mack was president and the said Boren secretary, to commence an action against

the plaintiff upon a cause of action which said defendants had
undertaken to pay and satisfy, and caused the said Mack Man-
ufacturing Company to proceed to judgment in said action for
a large amount, to-wit, the amount of fifteen thousand dollars,
and to cause an execution for the amount of the said judgment
to be levied upon the personal property of the plaintiff employed
by him in his said business, and also caused the said Mack Man-
ufacturing Company to institute a chancery suit for the en-
forcement of the lien of such judgment upon the real estate of
the plaintiff, occupied and used by him in his said business, in
which chancery suit a receiver of such real estate was appointed
at the instance of the said defendants, and the plaintiff was de-
prived of the possession of said real estate, and in the said chan-
cery proceedings the defendants caused other creditors of the
plaintiff to be made parties and compelled them to prosecute and
press their respective claims against the plaintiff, and by means
of said execution and of the proceedings in chancery caused cer-
tain property, real and personal, of the plaintiff, to be sold at
forced sale and at a time of great financial depression and at
ruinous and inadequate prices—that is to say, the property, real
and personal, of the plaintiff, used and employed by him in his
said business as aforesaid, and which was of the value of sev-
enty-five thousand dollars, to be sold for the sum of twenty-five
thousand dollars; certain other real estate of the plaintiff, known
as the King's Creek property, of the value of four thousand dol-
lars, to be sold for the sum of eight hundred and twenty-five
dollars; certain other real estate of the plaintiff being a lot on
Ridge avenue in the town of New Cumberland, of the value of
one thousand dollars, to be sold for the sum of four hundred
and five dollars; certain other real estate of the plaintiff in the
town of New Cumberland, known as parcels C, A and E, of the
value respectively, of eight hundred dollars, five hundred dol-
lars and two hundred and seventy-five dollars, to be sold for
the sums respectively, one hundred and eighty-one dollars, two
hundred dollars and twelve dollars and fifty cents, so that the
proceeds thereof fell short of paying the plaintiff's indebtedness,
and thereby wholly ruined and destroyed his business aforesaid,
and deprived the plaintiff of the rents and profits he had there-
tofore derived from the said property and business and might
well hope thereafter to derive from the same; and also caused cer-
tian other creditors of the plaintiff, whose claims against him

were secured by mortgage deeds of trust upon certain other real estate of plaintiff, to enforce said deeds of trust and put to sale the last mentioned real estate, and to sell the same at a time of great financial depression and at ruinous and inadequate prices —that is to say, certain real estate of the plaintiff in the town of New Cumberland on which were eight slate roof houses, and of the value of eight thousand dollars, for the sum of five thousand dollars; and twenty-five town lots of the plaintiff in the town of New Cumberland, of the value of thirteen thousand one hundred dollars, for the sum of five thousand dollars; and also caused certain other creditors of the plaintiff, whose claims against him were secured by the pledge of certain shares of stock of the Mack Manufacturing Company, owned by said plaintiff, to put said shares of stock to sale and to sell the same at a time of great financial depression and at ruinous and inadequate prices— that is to say, one hundred and thirty shares of said stock, of the value of thirteen thousand dollars, for the sum of twenty-six hundred dollars; and but for the premises and for the grievances committed by the defendants as aforesaid the creditors of the plaintiff would not have asserted their claims against him or have commenced actions against him and the plaintiff would have been permitted to remain in possession of the property, real and personal, owned by him as aforesaid, and would have been allowed to carry on his business and obtain therefrom great gains and profits as aforesaid; and the defendants in committing the grievances aforesaid well knew the premises, and especially did they well know that they were bound to pay and satisfy the claim held by the said Mack Manufacturing Company and to prevent any action thereon being brought against the plaintiff." This in short is intended to be a charge that the defendants maliciously conspired to cause the unlawful use of judicial proceedings to and did force the plaintiff's property to sale at great sacrifice to the loss and destruction of his business. It is an action on the case for a malicious prosecution in the nature of a conspiracy, and to make the declaration good, it must contain all the essential elements of such action, including both malice and want of probable cause, as showing the unlawfulness of the act charged to have been done.

The Mack Manufacturing Company having a just claim against John Porter had the lawful right by judicial proceedings to enforce payment of such claim out of Porter's property

even though thereby it destroyed his business. And the defendants being executive officers of such company were in duty bound to enforce the payment of such claim for the benefit of the company, and before they can be held liable, it must be shown that they were guilty of some unlawful act towards the plaintiff and not a mere breach of a duty they owed him. The declaration seeks to meet this requirement by alleging that they had agreed to pay off this claim to the company and relieve plaintiff, which they well knew, and that they were bound by doing so to prevent any action being brought against plaintiff. This averment amounts to an allegation of a mere breach of duty on their parts and not to the doing of something unlawful. Towards the company they owed the duty to collect the debt. Towards Porter they owed the duty to pay it. The neglect of the latter duty is not a justification on their part for neglect of the former. But if they neglected the latter and discharged the former as they were bound to in case of such neglect plaintiffs' remedy was to sue for the breach of such duty and recover back the money paid by him by reason thereof, including interest and costs. To make this action maintainable there must be something more added to it to show that defendants in carrying on the legal proceedings were not acting not only maliciously but unlawfully, that is, they were proceeding without probable cause for so doing. The fact that plaintiffs had agreed and knew that they had agreed to pay this debt is not sufficient to show a want of probable cause, for they might not have been of ability for some reason to pay the debt, and yet the Mack Campony was entitled to have its money from Porter. If this action would lie in such a case, then every surety who is compelled to pay the debt of his principal by reason of his default would have the right to sue such principal for malicious prosecution, and if there were two principals or prior endorsers, join them in an action of conspiracy for malicious prosecution. 6 Am. & En. En. Law (2d Ed.) 875. Therefore to maintain this action, the plaintiff must allege not only that the defendants knowingly agreed to pay the debt to the company, but also that they either did pay it or were in such financial condition as to make their promise equivalent to payment, and that there was no probable cause, so far as the defendants were concerned, for the judicial proceedings against the plaintiff, for if there was a probable cause for such proceedings this action is not maintainable, it matters not of how many

breaches of duty the defendants may have been guilty.   Where there is absence of probable cause, the use of judicial process becomes malicious and unlawful.

If the defendants had performed their contract with plaintiff or were without reasonable excuse for its non-performance, then as to them the judicial proceedings instigated by them against plaintiff were without probable cause, and the defendants acting maliciously were liable for all damages occasioned thereby to plaintiff in person or property, and also punitive damages.   If defendants acted on probable cause, they are not liable.   14 Am. & En. En. Law, 35, 46, 63, 72; *Glen R. R. Co.* v. *R. R. Co.,* 35 S. E. 987; *Tavenner* v. *Moorehead,* 41 W. Va. 116; *Brady* v. *Stiltner,* 40 W. Va. 289; *Hale* v. *Boylen,* 22 W. Va. 234; *Vinal* v. *Core,* 18 W. Va. 1.   Hence it is necessary for the declaration to either contain an allegation of the want of probable cause or equivalent declaration.   This declaration does neither, for the allegations that the defendants "well knew that they were bound to pay and satisfy the claim held by the said Mack Manufacturing Company and to prevent any action thereon being brought against them," are not equivalent to the allegation of want of probable cause, for the defendants might have known all this and might have so obligated themselves, and yet they might not either have fulfilled their obligation or been in condition to do so.   And in the latter event it would have been their duty as officers of the company to have enforced the payment of the claim for the benefit of the company out of the plaintiff's property even to the destruction of his business, if necessary.

Under the rules of practice in this State, it is absolutely necessary to allege and prove the want of probable cause.   In the case of *Burkhart* v. *Jennings,* 2 W. Va. 242, it is held:   "It is essential to allege in the declaration that it was sued out maliciously and without probable cause."   *Spangler* v. *Davis,* 15 Grat. 381; *Kirtly* v. *Deck,* 2 Munf. 10; *Ellis* v. *Thilman,* 3 Call 3; *Young* v. *Cregire,* 3 Call 446.   Probable cause is defined to be a belief by the prosecutor in the existence of facts and circumstances justifying him as a man of ordinary caution, prudence, and judgment to institute and maintain the legal proceedings complained of.   If he acts without such probable cause, his action is unlawful and malicious   If he acts on such probable cause, the law justifies him, and he cannot be subjected to a suit for damages by reason thereof.

The declaration being vulnerable in this very material require-
ment, the demurrer thereto should have been sustained.

Notwithstanding the defectiveness of the declaration, the de-
fendants insist that the court should proceed to consider the
353 other errors assigned, until at least, if possible, one can be
found that is a complete bar to the suit. This is a case that
is entirely too much litigated. When Greek meets Greek, then
comes the tug of war. Sparks, feathers and dust are made to
fly, but little blood shed, and from a vast amount of escaping
steam, the court must distill the true elixir of the law. "It was
a glorious victory." The first plea offered was the plea of *res
adjudicata,* or former recovery. By the malicious use of judi-
cial process, as charged in the declaration, the defendants in-
directly and unjustly caused the plaintiff to pay by judgment,
chancery proceedings and the sale of his property, the sum of
ten thousand four hundred and forty-three dollars and sixty
cents, being the Stewart & Silver liens, including interest. He
thereupon instituted an action of *assumpsit,* and recovered the
same back from them, on the implied promise of money laid out
and expended for their benefit in paying off a claim that they
agreed to, did or should have paid. They set up this recovery
in bar of the present suit. The breach of the original contract
existing between the plaintiff and defendants, while the remote
cause of both suits is not the real cause of action in either.
And reliance on this as the cause of action in both suits when it
was not, has almost misled the court into a wrong construction
of law. The real cause of action in both suits was not the
breach of the contract, but it was the damages occasioned by the
malicious use of judicial process by which plaintiff's property
was wrongfully forced to sale, and he suffered direct damages in
having the proceeds thereof, to the amount of ten thousand
four hundred and forty-three dollars and sixty cents applied
for defendants' benefit and suffered indirect or consequential
damages in the sacrifice of his property, and the loss of his
business. The whole claim of damages asserted by plaintiff in
both of his suits grew out of the judicial proceedings alleged to
have been instituted and prosecuted by defendants in the name
of the Mack Manufacturing Company. In the action of *as-
sumpsit,* all the plaintiff had to show was that his property was
seized and applied to the payment of a debt that defendants had
obligated themselves to pay, and in the present suit he is only

required to show the same state of facts with the addition of the want of probable cause and the consequential damages suffered by him. In the action of *assumpsit,* being on implied promises, he could not recover consequential damages, compensatory or punitive. But in the present action, had he instituted it first, he could, if able, to establish the want of probable cause, recovered both his direct and indirect damages. The law seems to be well settled that when a person has a cause of action which he may assert by an action *ex contratu* for the direct damages or *ex delicto* for both the direct and indirect damages, if he selects the former, he waives the latter, including all claim for indirect damages. Both actions are regarded as for the same wrong of which he can have but a single satisfaction, though it in nowise compensate him for the damages sustained. 21 Am. & En. En. Law, 237, note 1; Webb's Pollock on Torts, 658; *Kendall* v. *Stokes,* 3 Howard 87; *Norton* v. *Doherty,* 3 Gray 272; *Ware* v. *Percival,* 61 Me. 391; *Newby* v. *Caldwell,* 54 Iowa 102; *Wagner* v. *Wagner,* 36 Minn. 239; *Thompson* v. *Mywick,* 24 Minn. 12; *Whitney* v. *Clarendon,* 18 Vt. 258; *Smith* v. *Way,* 9 Allen 473. Defendants' next plea in bar is the statute of limitations. If the slanderous charges had been well declared on as a ground of the action, there is no question but that the statute could have been pleaded in bar thereof. A conspiracy charged could not have prevented the bar of the statute to any of the several grounds of action any more than if they had been declared on separately. The conspiracy as beforesaid furnished no ground of action, but is mere matter of aggravation, and need not be proven except to fix liability on more than one defendant. 13 En. Plead. & Pract., 223. *Brillenberg* v. *Schmidt,* 38 Ill. App. 168; *Gain* v. *Yates,* Har. & Gill, (Md.) 332. This action being for consequential and vindictive damages founded on malice, while it asserts damages to business and property, is still a mere personal action that does not survive to a personal respresentative, and therefore is subject to the bar of the statute of limitations relating to personal actions, being one year from the time the action accrues. In the case of *Nooman* v. *Orton,* 34 Wis. 259, it is said that "An action for a malicious prosecution, or a malicious abuse of legal process is an action for a personal injury, although special loss to plaintiff's business resulting from such wrong may be alleged to aggravate the damages. On page 263, Lyon, J.,

says: "A libel or a slander might deprive a man of employment, destroy his credit, ruin his business and greatly impair his estate; yet an action therefor would be an action for a personal injury, the effect of the wrong on the estate of the injured party being merely incidental. So in this case. The personal injury is the gravamen of the action, and the effect of the alleged malicious acts of the defendant upon the estate of the plaintiff is incidental merely. Such an effect is an element to be considered in assessing damages, but does not and cannot change the character of the action." Neither conspiracy or consequential or special damages to business or property can change the nature of a personal action so as to prevent the bar of the statute of limitations. When the legislature enacted section 20, chapter 85, Code, to-wit, "An action of tresspass or trespass on the case may be maintained by or against the personal representative for the taking or carrying away of any goods, or for the waste or destruction of or damage to any estate of or by his decedent," it did not intend to provide that suits for slander, libel, assault and battery, false imprisonment, malicious prosecution, and other like personal actions should lose their specific character by the allegation of conspiracy, and specific or consequential damages to business and property. If it did, then there are no purely personal actions left, for it is easy enough to make these allegations in all such suits, and in most of them furnish proof of consequential or indirect damages to person or business. The damage to estate the legislature had in view was the direct damage occasioned by overt or negligent acts in relation to such estate, and not indirect and consequential damages arising out of injury to person or reputation. The action for malicious prosecution is in tort for the injury, not to property, but to the person, and seeks the recovery of consequential and punitive damages. 14 Am. & En. En. Law, 37; 13 En. Plead. & Pract., 426; *Lawrence* v. *Martin,* 22 Cal. 174; *Francis* v. *Bromett,* 84 Ky. 23; *Nettleton* v. *Dinchart,* 5 Cush. 543; 19 Am. & En. En. Law, (2d ed.) 650. In case of a partnership where no personal injury to the several partners is involved and punitive damages are not sought, but the damage is solely to the partnership assets, the right of action will survive to the personal representative and is assignable. The same may be said of other cases where the injury is one wholly and directly to the property, and the person is neither involved or otherwise af-

fected thereby. These are exceptions to the rule. *Cleveland Coal Co.* v. *Sloan,* 90 Ky. 308. Where the injury is personal and alleged to be malicious and vindictive and the damage claimed therefrom to business and property is consequential or dependent on such injury, the right of action under the statute is barred in one year from the accrual thereof. It is an unnecessary and laborious task to review and comment on all the assignments of error. From the instructions asked, given and refused and the management of the case in general, the parties appear to some extent at least to have misconceived the character of the action they were trying. It is treated as though it were an action of conspiracy, which is altogether obsolete, instead of an action on the case for malicious prosecution in which the conspiracy is set forth as matter of aggravation or to connect the two defendants with the gravamen of the unlawful acts charged. If the defendants acted on probable cause in enforcing the Stewart and Silver liens against the plaintiff then he has no right in any event to maintain this action, although he may have been wrongfully compelled to satisfy such liens a second time, and have the **right to** recover the amount thereof from the defendants. As to the Mack Manufacturing Company, the judgment obtained against the plaintiff remaining unreversed settles the question of probable cause in its favor. Not so with the defendants, but the judgment obtained against them in the action of *assumpsit* in the United States court is equivalent to a reversal of the Mack Manufacturing Company in so far as they are concerned. It does not operate to establish the want of probable cause, but it establishes the fact that the defendants were bound to pay off the Stewart and Silver liens to the relief of plaintiff, and that plaintiff had been compelled to satisfy the same twice. To obtain judgment in such action of *assumpsit* plaintiff was not required to show that defendants in pursuing him with judicial proceedings to enforce payment of the Stewart and Silver liens was acting without probable cause, but only that he had been compelled to pay through a forced sale of his property a sum of money which they should have paid. This he established by a preponderance of the evidence, and had judgment therefor. The only essential difference between this action and that is the necessity of establishing the want of probable cause. This being shown, a judgment for the damages, direct and consequential and punitive must follow as a matter of

course, were not the second action barred by the judgment in the first. Want of probable cause is in a sense the most important element in an action for malicious prosecution. 19 Am. & En. En. Law, 656. The proof thereof devolves upon the plaintiff. To do this, he must show such a state of facts as would preclude any reasonable ground of belief on the part of the defendant or defendants warranting the alleged malicious proceedings or a guilty knowledge that such proceedings were without reasonable foundation or justification. It is not enough to show there was a dispute between the parties, which was settled by litigation in his favor, more especially if such litigation occurred after the alleged malicious proceedings were at an end. Nor must the facts and circumstances be viewed from the standpoint and knowledge of the plaintiff, but they must be viewed from the standpoint, information and knowledge of the defendant. *Brady* v. *Stiltner,* 40 W. Va. 293. If the defendants, being men of ordinary prudence, believed from their own knowledge of the facts or from information received from reliable sources that the judicial proceedings instituted by them were necessary and justifiable, they cannot be held liable, although it should be afterwards made to appear in a suit for that purpose that such proceedings were without just foundation. If Mr. Mack and Mr. Boren acted on the reasonable belief from their own knewledge or information received from others that they were not bound to pay the Stewart and Silver liens and that it was their duty to enforce the same for the benefit and protection of the Mack Manufacturing Company, then they cannot be held to answer for damages in this action, although the plaintiff may have succeeded in establishing their liability in the suit brought for the purpose by a preponderance of the evidence. *Tavenner* v. *Moorehead,* 41 W. Va. 116. From what has been said the following instructions asked by the defendants and refused by the court should have been given:

"1.   The court instructs the jury that from the evidence they should find a verdict in favor of the defendants.

"2.   The court instructs the jury that from the evidence they should find a verdict in favor of the defendant, John M. Mack.

"3. .   The court instructs the jury that from the evidence they should find a verdict in favor of the defendant G. B. Boren."

"9.   The court instructs the jury that the plaintiff, John Porter, can recover nothing in this case for damages resulting from

the defendants, Mack and Boren, causing the Mack Manufacturing Company, or the John Porter Company, to bring and prosecute the suits at law or in chancery mentioned in the declaration in this case.

"10. The court instructs the jury that the plaintiff can recover nothing in thise case for damages resulting from the defendants, Mack and Boren, failing to fulfill their contract to pay and satisfy the Stewart and Silver liens, or to prevent any action being brought thereon against the plaintiff, John Porter, or to indemnify and save him harmless against said liens.

"11. The court instructs the jury that all rights of action which the plaintiff, John Porter, ever possessed, by reason of the breach of the defendants of the contract described in the amended declaration of the said plaintiff in the suit in evidence brought by him and tried in the circuit court of the United States, in the district of West Virginia, the record of which is in evidence in this case, have been merged in the judgment rendered in the said circuit court of the United States, and that no further action or recovery can be had by reason of the failure of the defendants in this suit, or either of them, to perform the said contract."

There are yet others, but it is hardly necessary to encumber the record with them.

The following instructions were properly refused:

"12. The court instructs the jury that unless the jury find from the evidence a combination or conspiracy between the said John M. Mack and G. B. Boren to injure the plaintiff in his property or business, there can be no recovery in this action against either of the defendants.

"13. The court instructs the jury that one man cannot make a conspiracy, and therefore unless they believe from the evidence that the defendant, John M. Mack, conspired with the defendant, G. B. Boren, as claimed in the plaintiff's amended declaration in this action, their verdict should be for the defendants.

"14. The court instructs the jury that one man cannot make a conspiracy, and therefore unless they believe from the evidence that the defendant Boren conspired with the defendant Mack, as claimed in plaintiff's declaration in this action, their verdict should be for the defendants."

As heretofore indicated, the matter of conspiracy is mere matter of aggravation, and need not be shown except to estab-

lish a joint liability on the part of the defendants. And this may be done independent of the allegations. 13 En. Plead. & Pract. 436. The action may be discontinued against all but one, and judgment entered against him. 19 Am. & En. En. Law (2d Ed.) 694. It is manifest that this suit was conducted in the lower court on the theory that it was an action for conspiracy, when no such action exists. It is nothing more than an action on the case for malicious prosecution with conspiracy and defamation thrown in as matters of aggravation and malice. A mistrial has been the natural result. The pleas of *res adjudicata* and the statute of limitations were both improperly rejected.

The judgment is reversed, the verdict of the jury is set aside, the demurrer to the declaration is sustained, and the case is remanded to the circuit court with leave to the plaintiff to amend his declaration if deemed advisable.

*Reversed.*