## EMMA I. McCULLOUGH, Respondent, v. ARNOLD RUPP and Carrie Rupp, Appellants.

### (215 N. W. 78.)

**Malicious prosecution — What must be alleged in complaint.**

1. An averment of want of probable cause is essential to a good complaint in an action for malicious prosecution. But it is not necessary that want of probable cause be alleged in so many words. It is sufficient if facts be stated from which the inference of want of probable cause naturally follows.

**Malicious prosecution — defective complaint — probable cause.**

2. The complaint in the instant case examined and *held*, for reasons stated in the opinion, to be vulnerable to attack on the ground that it contains no averment of want of probable cause.

Opinion filed June 11, 1927. Rehearing denied Aug. 18, 1927.

Conspiracy, 12 C. J. § 214 p. 629 n. 97, 99; § 215 p. 630 n. 1, 3. Malicious Prosecution, 38 C. J. § 26 p. 398 n. 26; § 27 p. 400 n. 36; p. 401 n. 38; § 126 p. 463 n. 32; p. 464 n. 33; § 127 p. 464 n. 40, 41; p. 465 n. 42, 44, 45.

Appeal from the District Court of Burleigh County, *Jansonius, J.*
From a judgment for plaintiff and from an order denying their motions for new trial or for judgment notwithstanding the verdict, defendants appeal.
Reversed and remanded.
*F. E. McCurdy,* for appellants.
*F. O. Hellstrom* and *Hyland & Foster,* for respondent.

Annotation.—(1) As to necessity of alleging want of probable cause in action for malicious prosecution, see annotation in L.R.A.1915D, 70; 18 R. C. L. 69; 5 R. C. L. Supp. 971; 6 R. C. L. Supp. 1051.

Nuessle, J. The plaintiff in this action seeks a recovery of damages. Her complaint is as follows:

"1. Comes now the said plaintiff and says that she is a citizen of the United States, and that she resides at the city of Baldwin, county of Burleigh, state of North Dakota; and has so resided for more than one year last past; and at all times hereinafter mentioned she did so reside.

2. That the defendants are husband and wife, and that they reside at the city of Baldwin in the county of Burleigh in the state of North Dakota; and that at all times hereinafter mentioned they were husband and wife.

3. The plaintiff for her cause of action against the said defendants, says that for a period of time commencing on or about the 13th day of August, 1923, and continuously since that time each of the said defendants did jointly, and severally, maliciously conspire against the plaintiff and did menace, threaten, harass and disturb her in her peaceable and quiet use and occupation of her residence, premises, and home, and did daily from time to time drive many different kinds of motor and horse propelled vehicles upon the plaintiff's premises in a careless and reckless manner and by directing their minor children, servants, relatives and friends to go upon and over the plaintiff's premises and to ignore and disregard the protests of the plaintiff. And further, that each day hereinafter set forth the said defendants did order, condone and direct their children to harass, menace, abuse and disturb the plaintiff and her small children.

That on or about the 13th day of January, A. D. 1925, the said defendants did unlawfully conspire together against the plaintiff and did wilfully, knowingly, mischievously and maliciously, cause the defendant, Arnold Rupp to make complaint against this plaintiff, charging her with being insane and caused a warrant to be issued out of the county court of Burleigh county, for her arrest upon said charge, taken into custody, thrown into the county jail and there incarcerated and held for inquiry before said court and county insanity board. That said charges were false and untrue. That each of the said defendants have each day, persistently by word of mouth and by writing, called this plaintiff a dangerous and irresponsible, crazy lunatic, and other vile and sacrilegious, profane, degrading and immoral names,

and that each of the said defendants did from day to day since the 13th day of August, 1923, command, direct and encourage their minor children to harass, tantalize and menace the said plaintiff's minor children; and to go abroad publicly and make false derogatory and injurious statements, and did call this plaintiff a crazy lunatic and other vile names as hereinbefore enumerated and set forth. To publicly make such statements in the public schools of the city of Baldwin and to the teachers and pupils thereof and to the public in general. And that the said defendants each personally did give wide publicity to and did circulate the said false and derogatory statements to the public generally, with the intent and purpose to injure, discredit and destroy the plaintiff's good name, character and respectability in the community generally. And for the further purpose of breaking up and destroying the plaintiff's home relations and the peaceful enjoyment of her home in a quiet and orderly manner; with the intent and purpose of driving her from her home and thereby to enable the defendants to obtain or to purchase the plaintiff's residence at a much depreciated price. The defendants did wrongfully exclude the plaintiff from the peaceful, quiet use and occupation of her premises lying and being in the county of Burleigh, in the State of North Dakota, in that portion of the N. E. ¼ of section 24, in township 141, N. and range 80 W, which joins onto the south boundary line of the city of Baldwin, and joins the west line of the Sioux Line Railroad right of way, containing one acre more or less, together with the buildings, structures and improvements thereon.

And by reason of the said wrongful, wilful, malicious and defamatory acts of the defendants, the plaintiff has suffered damage and injury to her person, property and premises by reason of the defendants' unlawful exclusion of the plaintiffs from such premises; actual damage and injury to the plaintiffs for the use and occupation and benefits thereof. And further, the humiliation, shame, disgrace, mental pain, anguish and bodily pain and suffering, degradation and loss of character and standing in the community; and in the estimation of the public generally, because of being wrongfully, maliciously conspired against by the defendants; and unlawfully complained against, arrested and incarcerated in prison and detained therein; for a period of time. And because of the loss of time, loss of prestige, standing,

pain, suffering, fellowship and respect of neighbors and the community in general, loss of time while being incarcerated in prison, expense necessarily incurred in making defense against the said charges of insanity and the loss of time on the part of the plaintiff in securing her discharge from custody and acquittal of the charge; also inconvenience and disruption of the home while this plaintiff was held in custody and being detained and incarcerated in prison; and the wide publicity given thereof to the public by the defendants. The plaintiff has been damaged and injured by the defendants in the total sum of $7,500.

Wherefore: The plaintiff demands judgment against the said defendants and in favor of the plaintiff for the "sum of seven thousand five hundred dollars ($7,500), together with interest thereon from and after the 13th day of January, 1925, together with the costs and disbursements of this action and such other and further relief as may be granted."

The defendants answered separately. The defendant Carrie Rupp denied generally the allegations of the complaint. The defendant Arnold Rupp interposed a qualified general denial and, further admitting the institution of the inquisition of lunacy, alleged that there was probable cause therefor and denied that there was any malice on his part with respect thereto. He further alleged that he was a constable of the township in which he lived; that he instituted the inquisition because of the complaint of citizens of that community and after investigation which led him to believe that the plaintiff was insane.

The cause was tried to a jury and the jury returned a verdict for the plaintiff in the sum of $100 actual damages and $500 exemplary damages. Thereafter the defendants moved in the alternative for a new trial or for judgment notwithstanding the verdict. These motions were denied and judgment was entered on the verdict. This appeal is from such judgment and from the order denying defendants' motions.

The defendants have specified many errors on which they rely for a reversal. These specifications challenge the sufficiency of the complaint, the sufficiency of the evidence to sustain the verdict as returned, the propriety of rulings of the trial court in the course of the trial

touching questions of evidence, the instructions of the court to the jury, and the right to recover exemplary damages.

The first challenge is to the sufficiency of the complaint. Though the defendants answered to the complaint, nevertheless when the case was called for trial they objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. They renewed this contention at the close of the plaintiff's case, at the conclusion of the whole case, and again in their motion for a new trial or for judgment non obstante.

At the opening of the trial when the first witness was called the following proceedings were had:

Mr. McCurdy: At this time the defendants object to the introduction of any testimony whatsoever under the complaint on the ground that the complaint does not state a cause of action. The theory of the complaint is laid in conspiracy and there are absolutely no acts alleged in the complaint alleged to have been committed in pursuance of the conspiracy, and from all of the allegations of the complaint, I can see no act against Carrie Rupp alleged to have been committed in pursuance of the conspiracy, and on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The court: I understand the complaint is malicious prosecution and it is on the theory of malicious prosecution.

Mr. McCurdy: There is no allegation of probable cause. And the theory of the complaint does not allege malicious prosecution.

The court: I will overrule the objection.

Thereupon the trial proceeded. Thus the trial court construed the complaint as setting forth a cause of action in the nature of conspiracy for malicious prosecution. Counsel for the plaintiff acquiesced in this construction and the trial proceeded accordingly. In submitting the case to the jury the court did so on the same theory and charged ". . . I instruct you, however, that a conspiracy is not the essence of this case. The defendants are sued jointly for an alleged wrong. The important question is did the defendants either jointly or severally wrongfully cause the plaintiff to be arrested on a charge of insanity?"

In a case of this character the damage or injury, not the conspiracy,

is the gist of the action.  Cooley, Torts, 3d ed. pp. 210, et seq.  The ground of the action is the unlawful act done or performed for the purpose of effecting the injury.  The conspiracy if established enables the plaintiff to fasten liability upon those concerned in it who do not directly do the unlawful acts, and also tends to increase the amount of the plaintiff's recovery.  The charge of conspiracy is important to the case in no other respect.  Root v. Rose, 6 N. D. 575, 72 N. W. 1022; Porter v. Mack, 50 W. Va. 581, 40 S. E. 459; 12 C. J. 629, et seq; Cooley, Torts, supra.  In such a case the grounds of action must be set out with the same particularity as in an action of the same sort against a single defendant.  Porter v. Mack, 50 W. Va. 581, 40 S. E. 459; 12 C. J. pp. 629, et seq.  Failure in this respect renders the complaint defective.  If sufficient in this respect the complaint is good regardless of the allegations of conspiracy.  So, in the instant case, in passing upon the merits of the defendants' contention that the complaint did not state facts sufficient to constitute a cause of action, it is necessary to determine whether or not it stated a good cause of action for malicious prosecution.

In this state it is settled that an action will lie for the malicious institution without probable cause of an inquisition of lunacy.  See Pickles v. Anton, 49 N. D. 47, 189 N. W. 684.  Plaintiff seeks a recovery on account of the institution of a lunacy inquisition against her.  Therefore, if the complaint contains those allegations which are essential to a cause of action for malicious prosecution, it must be held good.

The defendants particularly challenge the sufficiency of the complaint on the ground that it fails to allege want of probable cause for the institution of the inquisition of lunacy.  A careful sifting of the allegations of the complaint discloses that there is nowhere within it any specific allegation of want of probable cause.  The closest approach to this allegation is found in the second section of the third paragraph of the complaint wherein, after setting forth that the defendant Arnold Rupp charged the plaintiff with being insane, etc., it is alleged "that said charges were false and untrue."  As we read the authorities such an allegation is not in itself sufficient.  Probable cause therefor might exist even though in fact the charge of insanity were false and untrue.  Falsity of charge is not the same thing as want of

probable cause.   Scotten v. Longfellow, 40 Ind. 23.   However, it is not necessary in order to constitute a good complaint for malicious prosecution that want of probable cause be alleged in so many words. It is sufficient if facts be stated from which the inference of want of probable cause naturally follows.   38 C. J. 465.   But, in the instant case, we cannot say, giving the complaint the most liberal construction possible, that such an inference naturally follows from the facts set out in the complaint.   There is not even a direct allegation that the lunacy inquisition terminated favorably to the plaintiff.   Even that material matter is left to inference.   Plaintiff in pleading as voluminously as she did apparently was more concerned with establishing malice than want of probable cause.   Malice, however great, is not sufficient to sustain an action for malicious prosecution without want of probable cause.   See Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 558.

We are then forced to the conclusion that the objection to the complaint was well taken and that it fails to state a cause of action.   The judgment must therefore be reversed and the cause remanded for further proceedings.   It is so ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.